Fernández, Demandante y Apelante, *v.* Oben, Demandado, y Comisionado del Interior, Interventor, Apelados.

Apelación procedente de la Corte de Distrito de Guayama en un incidente sobre alzamiento de embargo.

No. 1692.—Resuelto en febrero 19, 1918.

Embargo—Nulidad de Embargo—Intervención—Juicios de Novo.—No es tarde para solicitar antes del juicio o vista en la corte de distrito, la intervención en un incidente sobre nulidad de embargo apelado a dicha corte, porque se haya dictado sentencia por la corte municipal y perfeccionado aquella apelación, pues el procedimiento iniciado en la corte de distrito es *de novo* desde el principio hasta el fin.

Id.—Juntas Escolares—Bienes Exentos de Embargo.—Una junta escolar o los oficiales de la misma, no están sujetos al procedimiento de embargo (*garnishment*), pues si se permitiera que fueran citados como terceros embargados, ello iría contra el orden público.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Antonio Sarmiento y C. Domínguez Rubio.*

Abogado del demandado: *Sr. M. A. Martínez Dávila.*

Abogados del interventor: *Sres. Howard L. Kern, Attorney General; Salvador Mestre, Fiscal del Supremo,* y *R. H. Todd, Jr.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En una corte municipal presentó Francisco Fernández un pleito en contra de Rufo Obén en cobro de la suma de $499.95 por materiales comprados por el demandado para ser utilizados en la construcción de una casa-escuela, alegando incumplimiento de una promesa de pagar a plazos según fuera recibiendo el demandado de El Pueblo de Puerto Rico los pagos parciales de tiempo en tiempo durante el curso del trabajo.

El demandante habiendo obtenido a su favor una orden de embargo instruyó al márshal por escrito para que embargara como de la propiedad del demandado:

"Todo el dinero que deba pagarle la Junta Escolar de Cayey, en lo sucesivo por resto del importe del contrato que tiene celebrado el demandante con el Departamento de Interior y la Junta Escolar de Cayey, sobre edificación de una casa escuela en el barrio de Jájome Bajo de esta municipalidad, significándole que dicho importe es de $983.76 teniendo recibidos el demandado $283.00."

La diligencia de devolución hecha por el márshal y que aparece al dorso del mandamiento de embargo dice:

"Que recibí la precedente orden de embargo el día doce de febrero de 1917, y que el día 13 del mismo mes procedí al embargo y embargué como bienes del demandado Rufo Obén, previo señalamiento hecho en moción por la parte demandante lo siguiente: Quinientos cincuenta dollars de la cantidad de setecientos dollars y 76 centavos que dicho demandado deberá recibir en concepto de importe de un contrato celebrado entre éste y el Departamento del Interior y Junta Escolar de Cayey sobre edificación de una casa escuela en el barrio de Jájome Bajo de dicho municipio.

"El indicado contrato fué celebrado con fecha 25 de noviembre de 1916 por la cantidad de $983.76, de los cuales el demandado ha recibido ya $283. Trabado el embargo lo notifiqué al demandado

haciéndole los apercibimientos legales, y también notifiqué, a petición del demandante al Sr. Tesorero de la Junta Escolar de Cayey.''

Posteriormente y después de haberse dictado sentencia en el pleito original la corte municipal a instancias del demandado anuló el embargo, y contra esta orden interpuso el demandante recurso de apelación para ante la corte de distrito.

El día de la vista el Comisionado del Interior solicitó y obtuvo permiso para intervenir, por ser una parte en el contrato celebrado con el demandado por el Departamento del Interior y la junta escolar para la construcción de una casa-escuela, y la corte de distrito de igual manera sostuvo la nulidad del embargo.

El apelante insiste alegando que esta orden debe ser revocada por las siguientes razones:

''1ª. Porque admite indebidamente la intervención del Ministerio Fiscal.

''2ª. Porque infringió la ley del contrato realizado entre el demandante Rufo Obén (?) y el demandado Rufo Obén.

''3ª. Porque aplicó indebidamente la jurisprudencia relativa a la exención de trabas o de ejecución de los bienes de corporaciones o entidades públicas o semi-públicas.

''4ª. Porque exime de ejecución bienes que no están exentos según ley.''

El argumento aducido bajo la primera proposición consiste en que la moción solicitando permiso para intervenir, se presentó demasiado tarde, después de haberse dictado la sentencia de la corte municipal y de haberse perfeccionado la apelación interpuesta contra la orden dictada subsiguientemente a dicha sentencia.

Se ha sugerido también que la alegación presentada por el interventor revela de su faz la ausencia de todo interés público, y que la misma concluye pidiendo no solamente que el embargo se deje sin efecto sino que el dinero embargado en poder de la junta escolar quede a la libre disposición del demandado Rufo Obén.

Es cierto que la forma de la alegación deja mucho que de-

sear y la teoría sobre la que la misma se basa parece ser algo confusa, pero ninguna de las órdenes va más allá de la declaración de nulidad del embargo, y no aparece que el demandante fué erróneamente inducido en perjuicio suyo ni que la corte de distrito entendió mal la verdadera situación.

En la corte de distrito el demandante primeramente solicitó se desestimara la moción del demandado para anular el embargo por el fundamento de que el demandado no era la parte propia que debía levantar la cuestión de interés público.   La corte sugirió que la moción del demandante era prematura y entonces el Fiscal presentó su moción para intervenir.   El demandante se opuso alegando entre otros fundamentos el de que la moción no estaba acompañada por la demanda corriente y que no mostraba de su faz hechos suficientes que justificasen la intervención.   La corte entonces declaró con lugar la moción de intervención ordenando al Fiscal presentara su demanda y le concedió dos horas o más para presentarla.

Esto explica quizás la razón por la cual el Fiscal siguió demasiado de cerca tal vez la alegación ya presentada por el demandado levantando la misma cuestión, en vez de adoptar una actitud más independiente.

El demandante entonces presentó una moción pidiendo la desestimación; primero, porque la alegación ofrecida por el Fiscal no era una demanda dentro de lo preceptuado por el artículo 72 del Código de Enjuiciamiento Civil; segundo, porque el Comisionado del Interior no tenía derecho alguno para intervenir.

Cuando se presentó la demanda preguntó la corte si estaba listo el demandante para seguir adelante o deseaba algún tiempo para estudiar la cuestión, y después de cinco minutos de receso la única contestación que se dió fué la que se hizo con la moción oral de desestimación.   Después que esta moción fué declarada sin lugar el demandante hizo algunas oposiciones algo vagas aunque un poco más específicas,

de carácter de una excepción perentoria oral, y de no haber revelado claramente el récord que el demandante no sufrió perjuicio o sorpresa alguna quizás se haría necesaria la revocación. Pero el interventor presentó al menos la misma cuestión ya levantada por el demandado y cuyo derecho a insistir sobre la misma había sido impugnado por el demandante, y no introdujo ninguna otra cuestión litigiosa en la controversia.

Teniendo en cuenta las circunstancias que concurren en este caso, si el punto ha sido bien levantado estimamos inútil devolver el caso para que se celebre un nuevo juicio después que se subsanasen, mediante enmiendas al efecto, deficiencias de forma de carácter técnico y al parecer inofensivas.

A la atención del apelante se le escapa el hecho de que el procedimiento iniciado por la corte de distrito era *de novo* desde el principio hasta el fin. El interventor no tenía que preocuparse por la orden de la corte municipal. Su interés tanto como el del demandado no era el que se revocase, modificase o confirmase dicha orden, sino conseguir después de una nueva audiencia completa y plena de toda la cuestión sometida a la corte de distrito por el demandante, se dictase una orden parecida sino idéntica en sus términos a la dictada en la corte municipal. El primer paso del propio demandante en la corte de distrito era solicitar se desestimara la moción del demandado que había ya sostenido la corte municipal en la orden recurrida, tal como si se hubiese interesado la nulidad del embargo por primera vez en la corte de distrito.

Si el precepto legal que provee un procedimiento *de novo* en la corte de distrito significa algo en realidad, nosotros no podemos ver la razón por la cual una persona que pudiera intervenir antes del juicio en la corte municipal no pudiera insistir sobre el mismo derecho por primera vez antes del juicio o vista *de novo* en la corte de distrito. *Ubi eadem ratio, ibi idem jus; et de similibus idem est judicium.*

La segunda proposición del apelante depende, de la tercera y cuarta razones porque la ley que regula la materia

objeto del contrato, y que forma parte del contrato, o si no es así, entonces en tanto cuanto puede referirse a algún conflicto existente, la ley y no el convenio entre las partes es la que debe prevalecer.   Es igualmente evidente que la cuarta proposición debe correr la misma suerte que la tercera, la que no necesitamos discutir en toda su amplitud.

"La cuestión de si un distrito escolar está en principio, en defecto de alguna disposición específica de la ley positiva, sujeto al procedimiento de embargo, es una cuestión sobre la que la opinión judicial no está conteste.   Una mayoría de las decisiones sostienen la doctrina al efecto de que un distrito escolar, o los oficiales del mismo, no están sujetos al procedimiento de embargo.   La razón que más frecuentemente se ha dado como fundamento de esta doctrina es la de que si se permite que los distritos escolares, o sus oficiales, sean citados como terceros embargados, (*garnishees*) ello iría contra el orden público.   Por el contrario hay cortes que permiten embargos (*garnishments*) contra distritos escolares, por lo general de conformidad con los estatutos que exigen semejante interpretación." 12. R. C. L., p. 844, sección 83.

Ni los hechos del presente caso, ni el alegato del apelante, ni nuestras leyes locales, ni los casos decididos, revelan razón adecuada alguna por la cual debiéramos desviarnos de la doctrina hasta aquí enunciada por esta corte en el caso de *Lamboglia* v. *Junta Escolar de Guayama,* 15 D. P. R. 318, y otros más, respecto a la cuestión de embargos ordinarios, ni para establecer una doctrina distinta en materia de embargo, (*garnishments*) y por lo tanto la orden recurrida debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.