Sobrinos de Ezquiaga, Demandante y Apelante, *v.* Briganti, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Guayama en pleito sobre cobro de cantidad.

No. 2895.—Resuelto en mayo 12, 1923.

Archivo del Pleito por Falta de Instancia—Abuso de Discreción.—Radicada la demanda en 1917, se trasladó el pleito en 1919 a la corte del domicilio del demandado y fué archivado por falta de instancia en 1922 a petición del demandado con la oposición del demandante, *se resolvió:* que demostrando los autos que si bien el pleito estuvo tanto tiempo inactivo, no así las partes, sobre todo la demandante que en varias ocasiones intentó llegar a una transacción con el demandado, habiendo acudido éste a las conferencias celebradas con tal motivo, la orden de archivo constituye abuso de discreción.

Levantamiento de Embargo—Bienes Exentos de Embargo.—Fondos en poder del Tesorero de Puerto Rico para ser pagados a determinada persona, no están sujetos a embargo en pleito seguido contra la misma.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. E. Acuña* y *L. Janer.*

Abogado del apelado: *Sr. M. A. Martínez.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Se apela de una sentencia ordenando el sobreseimiento y archivo de un pleito por falta de gestión de la parte demandante, y de una orden decretando el levantamiento de un embargo. En su alegato la apelante señala dos errores cometidos, a su juicio por la corte, 1, al declarar con lugar la moción del demandado y ordenar el archivo del pleito, y 2, al ordenar el levantamiento del embargo decretado para asegurar la efectividad de la sentencia que pudiera dictarse en el caso.

Examinemos el primer error. Los autos demuestran que

el 8 de junio de 1917 se radicó una demanda en la Corte de Distrito de San Juan, Sección Segunda, en cobro de $177.38 contra Domingo Briganti. Emplazado el demandado, formuló un escrito de excepciones previas y solicitó el traslado del pleito a la corte de distrito de su domicilio, y oídas ambas partes, la corte concedió lo pedido por orden de 30 de septiembre de 1919.

Radicado el caso en la Corte de Distrito de Guayama, permaneció inactivo. El 1 de mayo de 1921 el demandado presentó una moción solicitando su archivo por falta de instancia. La demandante se opuso, alegando bajo juramento que la falta de gestión no le era imputable a ella sola si que también al demandado que no había pedido el señalamiento de su excepción y que había estado celebrando conferencias con la demandante a los efectos de una transacción del litigio. El demandado, también bajo juramento, expuso que nunca trató de iniciar la transacción del pleito; que fué llamado varias veces por la demandante para ofrecerle transacciones que no aceptó, y que jamás convino en que el caso fuera dilatado. En 13 de marzo de 1922 se radicó en los autos una estipulación de ambas partes sometiendo a la consideración de la corte el incidente sobre archivo y el 10 de mayo siguiente la corte dictó la sentencia apelada.

La parte apelante admite el poder discrecional inherente que las cortes tienen para desestimar pleitos por falta de instancia, pero sostiene que la Corte de Distrito de Guayama en este caso concreto abusó de su discreción.

En los casos de *Suc. Chavier* v. *Suc. Giraldez,* 15 D. P. R. 154, y *The Ensenada Estates Inc.* v. *Benedicto,* 26 D. P. R. 814, esta Corte Suprema estudió detenidamente la cuestión legal aquí envuelta y analizando los hechos revocó las sentencias apeladas. A igual conclusión debemos llegar en este caso. La práctica de dictar sentencias por falta de instancia es buena y debe fomentarse. Un demandado no debe quedar sujeto indefinidamente al peso y la preocupación de

un litigio. Las cortes no deben tener sus calendarios llenos de pleitos enteramente abandonados o constitutivos más bién de una amenaza que de una verdadera controversia que requiera necesariamente una solución por parte del tribunal para zanjarse. Pero ese no es aquí el caso. Los autos demuestran a nuestro juicio que si bién el pleito estuvo inactivo por tanto tiempo no así las partes, sobre todo la demandante que en varias ocasiones intentó llegar a una transacción y el fin principal de una transacción es evitar la provocación de un pleito o poner término al que había comenzado. Artículo 1711 del Código Civil. Se alega por el demandado que las conferencias sobre transacción no fueron iniciadas por él, pero el demandado admite que acudió a ellas, y esto revela que existía activa y pendiente una transacción.

Examinemos el segundo error. A petición de los demandantes se trabó embargo para asegurar la efectividad de la sentencia que pudiera dictarse en determinada suma que se hallaba pendiente de pago en el Tesoro Insular procedente de la construcción del acueducto de la municipalidad de Maunabo, obra ejecutada mediante subasta en la cual obtuvo la buena pro el demandado. Este, alegando que la suma indicada estaba exenta de embargo, pidió que el trabado se levantara. Se opusieron los demandantes y la corte resolvió el caso en favor del demandado.

La cuestión de derecho envuelta en este segundo señalamiento de error ha sido también estudiada y decidida por esta Corte Suprema. En el caso de *Lamboglia* v. *La Junta Escolar de Guayama,* 15 D. P. R. 318, la opinión de la Corte fué emitida por el Juez Asociado Sr. MacLeary. En ella se examinan ampliamente la ley y la jurisprudencia y se concluye que ''Los fondos que se encuentran en poder del tesorero de una junta escolar o a su crédito depositados en el banco, no están sujetos a mandamientos de embargo, ejecución, o embargo de bienes muebles pertenecientes a terce-

ras personas (*garnishment*)''.    Y en el de *Fernández* v. *Ober,*
26 D. P. R. 150, ratificando el caso de Lamboglia, *supra,* se
decidió que ''Una junta escolar o los oficiales de la misma, no
están sujetos al procedimiento de embargo (*garnisment*),
pues si se permitiera que fueran citados como terceros em-
bargados, ello iría contra el orden público.''

Aplicando el mismo razonamiento a este caso, claro es
que es necesario resolver que los fondos en poder del Teso-
rero de Puerto Rico mientras en su poder estén aunque se
diga que pertenecen al demandado no están sujetos a em-
bargo.    Desde 1846 la Corte Suprema de los Estados Unidos
en el caso de *Buchanan* v. *Alexander,* 45 U. S. 19, 20, se ex-
presó así:

''La cuestión importante es si el dinero que está en poder del
sobrecargo, aunque se deba a los marineros por salarios, era em-
bargable.   Un sobrecargo, según parece, no puede en este sentido
ser diferenciado de ningún otro agente pagador del gobierno.   Si
los acreedores de estos marineros pueden, mediante procedimientos
de embargo desviar los fondos públicos de su objeto legítimo y
debido, la misma cosa puede hacerse en lo que respecta al pago de
nuestros oficiales y hombres del ejército y de la armada; y tam-
bién en cualquier otro caso en que los fondos públicos pueden ser
colocados en manos de un agente para verificar su pago.   Este
principio se refuta con su mera enunciación.   Ningún gobierno
puede sancionarlo.   En todas las épocas resultaría embarazoso y en
algunas circunstancias podría ser fatal para el servicio público.

''Los fondos del gobierno se asignan específicamente para cier-
tos fines nacionales y si tales asignaciones pueden ser desviadas y
anuladas por mandatos del Estado o de otro modo las funciones del
gobierno pueden quedar suspendidas.   Mientras permanece el di-
nero en poder de un oficial pagador es tanto el dinero de los Es-
tados Unidos como si no hubiera sido retirado de la Tesorería.
Mientras no sea pagado por el agente del gobierno a la persona
con derecho a él, el fondo no puede en ningún sentido legal ser
considerado como parte de sus efectos.   El sobrecargo no es el
deudor de los marineros.''

Por virtud de todo lo expuesto, opinamos que debe revo-

carse la sentencia apelada y confirmarse la orden recurrida de que se deja hecho mérito.

> *Revocada la sentencia apelada, confirmada la orden recurrida y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.