SAAVEDRA, ADMINISTRADOR, DEMANDANTE Y APELANTE, *v.* MORENO, DEMANDADO Y APELADO.

No. 2846—*Visto:* Noviembre 6, 1923. *Resuelto:* Julio 21, 1924.

DESAHUCIO—FECHA DE DOCUMENTO PRIVADO RESPECTO A ''TERCEROS''—CONTRATO DE ARRENDAMIENTO CELEBRADO POR MANDATARIO.—El contrato de arrendamiento por seis años, base del pleito en este caso, es un documento privado que se alega fué otorgado por el mandatario del dueño de la propiedad, algunos meses antes de ser nombrado el administrador judicial que estableció la acción de desahucio, alegando la falta de pago del canon de arrendamiento de un mes, mediante contrato verbal. *Se resolvió:* que con arreglo al artículo 1247 como fué enmendado en 7 de marzo de 1912, los contratos celebrados por mandatario deberán constar en documento auténtico; y a falta de prueba de que la fecha de un documento privado es verdadera, e indicando todas las circunstancias lo contrario, no tiene fuerza probatoria el contrato de arrendamiento otorgado por el apoderado en este caso, el cual, no se contará respecto a tercero, habiendo sido la intención de la legislatura dejar a los mandantes en condición más o menos igual a la de los terceros en general dentro del significado del artículo 1195 del Código Civil.

SENTENCIA de *Charles E. Foote,* J. (San Juan, Primer Distrito), en una acción de desahucio, declarando sin lugar la demanda, con las costas al demandante. *Revocada la sentencia, decretándose el desahucio, sin costas.*

D. *Monserrat, Jr.,* abogado del apelante; *C. Honoré,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El demandante, como administrador judicial, estableció una acción de desahucio contra el demandado, alegando la

falta de pago del canon de arrendamiento de un mes por virtud de un contrato verbal de arrendamiento, por el canon de $105 mensuales.   El demandado alegó entre otras defensas un contrato por escrito por el plazo de cinco años a razón de $100 mensuales, el ofrecimiento de pago de esa cantidad, la negativa del demandante a aceptarla y su consignación en la corte.

De modo que la suma envuelta en este pleito, según aparece de la faz de las alegaciones, de acuerdo con la teoría a virtud de la cual fué celebrado el caso en la corte inferior y sometido en apelación sería, según parece, cuestión de $5 mensuales por más de un·período de tiempo de algo menos de cinco años, o sea una suma que no excede de $300.

La corte inferior, después de un juicio sobre los méritos del caso declaró sin lugar la demanda tomando por base el hecho de existir un contrato por escrito.   La opinión emitida por el juez sentenciador no discute la cuestión principal levantada por el apelante en su alegato, ni tampoco menciona el término de duración del contrato con excepción de la referencia que hace a la defensa arriba citada.

El alegato del apelante así como el del apelado se basa en la teoría de un contrato por un término de cinco años. Fué sólo después de haber sido preparado y sometido al tribunal por el juez que informa un *memorandum* fundado en este aspecto de la cuestión que se descubrió que el contrato ofrecido como prueba fijaba un término de seis años en·vez de cinco.   El caso fué entonces nuevamente señalado para una segunda vista a la cual no compareció el apelante, y el apelado no puso. en tela de juicio la exactitud de la copia del contrato como consta en los autos.

La verdadera cuestión envuelta como ha sido presentada en los alegatos, no se desarrolla debidamente por una u otra parte, y el apelante no tendría ninguna razón para quejarse si fuera confirmada la sentencia apelada, por el fundamento de que se presume que es correcta hasta tanto se demuestre lo contrario.

Sin embargo, la circunstancia de que la corte inferior aparentemente actuó tomando por base un supuesto contrato de cinco años cuando el hecho real fué que el contrato era por seis años, tal vez es suficiente para destruir esa presunción si la diferencia en el término pudiera afectar al resultado. Y sea esto como fuere, la probabilidad de un error que requiera la revocación de la sentencia parecía tan manifiesta, que no pudimos convenir en resolver el caso sin entrar en una consideración de sus méritos.

El contrato de arrendamiento en que descansa el pleito en un documento privado que se alega fué celebrado por el mandatario de los dueños de la propiedad arrendada algunos meses antes del nombramiento de un administrador judicial. Que el nombramiento y toma de posesión del administrador judicial produjo, *ipso facto,* la terminación de cualquier mandato preexistente, parece ser un hecho aceptado y admitido por todas las partes interesadas, y para los fines de esta opinión no es necesario impugnar la certeza de esa teoría.

En el alegato del apelante se hace referencia al artículo 1847 del Código Civil como fué enmendado por la Ley No. 65 de fecha marzo 7 de 1921, sin referirse al título o página. No encontramos tal enmienda en las leyes de ese año y entendemos que la ley que lleva igual fecha de día y mes así como el mismo número, en la página 113 de las leyes de 1912, la que tuvo presente el abogado.

El artículo 1195 y 1247, párrafos 1 y 2 del Código Civil, como fueron enmendados en el año 1912, prescriben lo siguiente:

"Artículo 1195.—La fecha de un documento privado no se contará respecto de terceros, sino desde el día en que hubiese sido incorporado o inscrito en un registro público, desde la muerte de cualquiera de los que lo firmaron, o desde el día en que se entregase a un funcionario público por razón de su oficio.

"La misma disposición se aplicará respecto al mandante, con relación a los contratos afectados por mandatarios, en los casos a

que se refieren y salvo las excepciones que consignan los artículos 1640 y 1247, en sus últimos respectivos párrafos de este Código.''

''Artículo 1247.—Deberán constar en documento público:

''1. Los actos y contratos que tengan por objeto la creación, transmisión, modificación, o extinción de derechos reales sobre bienes inmuebles.

''2. Los arrendamientos de estos mismos bienes por seis o más años, siempre que deban perjudicar a tercero.

''3. . . . .

''4. . . . .

''5. El poder general para pleitos y los especiales que deben presentarse en juicio; el poder para administrar bienes de cualquier otro que tenga por objeto un acto redactado o que debe redactarse en escritura pública, o haya de perjudicar a tercero.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

''También deberán hacerse constar por escrito, aunque sea privado, los demás contratos en que la cuantía de las prestaciones de uno o de los dos contratantes exceda de $300.

''En todo caso, los contratos efectuados por intervención de mandatarios deberán constar en documento auténtico, concediéndose por el presente artículo a los jueces municipales y de paz, en ausencia de notario, facultades para certificar las declaraciones de autenticidad de dichos contratos, en la forma determinada por la ley estableciendo un registro de affidavits o declaraciones ante notarios y otros funcionarios, aprobada en marzo 12 de 1908.

''No obstante lo dispuesto en el párrafo precedente, serán válidos los contratos de comercio efectuados por correspondencia y todos aquellos en que la formalidad del documento auténtico pueda constituir una demora perjudicial a la naturaleza y rapidez del tráfico mercantil.''

Las enmiendas consisten en el párrafo final adicionado al artículo 1195 y los dos últimos párrafos agregados al artículo 1247.

La cuestión de si un contrato de arrendamiento celebrado por un período de tiempo menor de seis años debe o no hacerse constar por documento auténtico, por caer dentro del alcance del párrafo penúltimo del artículo 1247 como fué enmendado, queda, por supuesto, eliminada por el término de seis años del contrato que ahora consideramos.

Si el artículo 1195 establece una mera presunción *juris tantum* que debe ceder ante la prueba clara y convincente de que la fecha expresada en un documento privado es auténtica, o excluye semejante prueba junto con el documento mismo, es otra cuestión que no es necesario discutir ahora, por la razón de que en el presente caso no existe ninguna demostración muy satisfactoria en este sentido. Por el contrario, examinadas todas las circunstancias, éstas tienden de un modo persuasivo a indicar la existencia de un documento fundado con fecha anterior. Véase, sin embargo, el tomo 9 de Manresa, pág. 471.

En verdad que fué prácticamente admitido por el abogado del apelado en la segunda vista que si los mandantes representados por el mandatario que celebró el contrato de arrendamiento eran "terceros" dentro del alcance del artículo 1195 como fué enmendado, entonces la sentencia apelada no podía subsistir.

Aunque la redacción de la nueva materia contenida ahora en la versión inglesa de ese artículo no sigue exactamente al texto castellano, que es algo más inteligible, sin embargo, interpretando las dos conjuntamente creemos que el propósito del precepto es claro en tanto concierne a nosotros. O la Legislatura tuvo la intención de colocar a los mandantes, en lo que respecta a contratos celebrados por sus mandatarios, en una condición más o menos igual a la que ya tenían los "terceros" en general, en el sentido en el cual se emplean las palabras citadas en el artículo 1195 o, de otro modo la enmienda carece de significado. Por lo menos no se ha dado ninguna otra explicación más plausible sobre el propósito que tuvo la legislatura; y en ausencia de una u otra sugestión, nos vemos obligados a declarar que significaba lo que sustancialmente expresaba.

Con la sabiduría de la innovación o de los motivos que la impulsaron, con excepción de que en cuanto a éstos, de ser conocidos, podrían servir para suministrar alguna luz sobre la intención, nada tenemos que ver. Tal vez si algu-

nas distinciones pueden señalarse, según surja la ocasión, pero las cuestiones que no están necesariamente envueltas aquí no hay necesidad de considerarlas por anticipado.

*La sentencia apelada debe ser revocada.*