## Crédito y Ahorro Ponceño, demandante y apelado, v. J. Moisés Colón, demandado y apelante.

No. 4120.—*Visto:* Febrero 3, 1927. *Resuelto:* Febrero 25, 1927.

Embargo de Bienes Pertenecientes a Terceras Personas *(Garnishment)*—Personas y Propiedades Sujetas a ''Garnishment''—Fondos Destinados a Obras Públicas—Fondos del Contratista en Poder de Corporaciones Municipales.—Aún cuando nuestros estatutos no eximen de embargo específicamente, los fondos que, pertenecientes a un contratista y destinados a obras públicas, estén en poder de un municipio, aquéllos no están generalmente sujetos a embargo.

Resolución de *Angel Acosta Quintero,* J. (Ponce), declarando sin lugar solicitud para que se declarara nulo e inexistente un embargo trabado. *Revocada.*

*Carlos J. Torres,* abogado del apelante; *Francisco Parra Capó,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El demandante en este caso hizo que el márshal embargara ciertos créditos pertenecientes al demandado que estaban en poder del municipio de Adjuntas. En una moción dirigida a la Corte de Distrito de Ponce, el demandado alegó que estaba construyendo una casa-escuela de doce salones y que el márshal había embargado dinero perteneciente a él que estaba en poder de dicho municipio, y que necesitaba el dinero para satisfacer el pago de los materiales y mano de obra utilizados en la construcción de dicha escuela. La corte declaró sin lugar la moción del demandado, y éste apeló.

El demandante y apelado ha presentado una moción solicitando la desestimación del recurso porque, si bien algunos de los documentos elevados a este tribunal han sido certificados, incluso la demanda enmendada en el pleito, el demandado ha dejado de certificar la moción solicitando embargo para asegurar la efectividad de la sentencia y el diligenciamiento del embargo practicado por el márshal demostrativo de lo que dicho funcionario hizo.

En el párrafo tercero de la moción del demandado se

alegaba que en el diligenciamiento, el márshal hizo constar que embargó $2,300 del crédito que el demandado J. Moisés Colón tenía contra el municipio de Adjuntas y a su favor, para la construcción de una escuela en dicho pueblo. De los autos y las minutas de la corte que han sido elevados a este tribunal aparece que la moción fué sometida a la corte y que se sometió el caso por virtud de dicha moción y de una estipulación al efecto de que el demandante y apelado más tarde presentaría su alegato. Bajo las circunstancias, se desprende suficientemente que el márshal en realidad embargó cierta propiedad que estaba en poder del municipio de Adjuntas, y si tuviéramos serias dudas en cuanto a esto, permitiríamos que el apelante certificara el diligenciamiento.

La corte inferior, al resolver la moción del demandado, dijo que por virtud del artículo 246 *et seq.* del Código de Enjuiciamiento Civil el demandante tenía derecho a embargar cualquier propiedad a menos que estuviera exenta por la ley; que el demandado no alegó que el dinero embargado era necesario para la construcción de la casa-escuela, ni que por virtud del embargo hubiera tenido que suspender la construcción de dicha escuela, y que a la corte sólo le constaba que al demandado se le había embargado determinada cantidad de dinero que estaba en poder del municipio de Adjuntas. Entonces la corte dijo que los casos citados por el demandado no eran aplicables. Trató de hacerse distinción del caso de *Lamboglia* v. *La Junta Escolar de Guayama,* 15 D.P.R. 318, por el fundamento, a nuestro entender, de que una casa-escuela ya construída o en proceso de construcción no debía ni podía ser embargada porque tal embargo iría contra el orden público (*public policy*), pero que había cortes que permitían embargos (*garnishments*) contra distritos escolares, de acuerdo con los estatutos que exigían semejante interpretación; que en dicho caso se trataba de una casa-escuela que estaba funcionando y el embargo trataba de afectar alquileres que la junta escolar necesi-

taba, no sólo para la conservación de la casa, sino para todas las necesidades de la Junta Escolar; que el caso de *Fernández* v. *Oben,* 26 D.P.R. 150, no hizo más que ratificar la doctrina sentada en el caso de *Lamboglia* v. *Junta Escolar, supra.*

La corte manifestó que en el presente caso se trataba de una casa-escuela en construcción, que no estaba abierta a la instrucción, y que el demandado adeudaba determinada cantidad de dinero y su acreedor deseaba asegurar la sentencia; y la corte preguntó si un contratista de edificios públicos podía coger materiales para la construcción de un edificio o casa-escuela sin pagarlos o satisfacerlos en forma alguna, porque el dinero que había de recibir estaba exento de ejecución.

En el caso de *Lamboglia, supra,* el juez que suscribe disintió, según recuerda, probablemente por creer que la junta escolar en cierta forma estaba impedida de tomar la propiedad del demandante en dicho caso sin pagar el alquiler, pero en general nunca tuvo dudas del principio de que generalmente no pueden embargarse fondos que estén en poder de las juntas escolares y los municipios. Véase, por la relación que puede tener, la sentencia de la Corte de Distrito de San Juan a que hacemos referencia en nuestra opinión en el caso de *Tórres* v. *Corte Municipal de San Juan,* 35 D.P.R. 378. Creemos que el caso de *Lamboglia* establece claramente que los fondos destinados a obras públicas en poder de los municipios, no pueden ser embargados salvo ciertas excepciones que no están envueltas en el presente caso.

No importa que los estatutos de Puerto Rico no eximan específicamente los fondos de un contratista que estén en poder de una corporación pública. Esta exención se deriva de la naturaleza de un cuerpo político y la importancia de terminar las obras públicas.

*Debe revocarse la resolución de la corte y anularse la orden de embargo.*