F. L. DE HOSTOS & Co., demandante, apelante y apelado, *v.* JOSÉ MADERA, demandado, apelado y apelante.

No. 5594.—*Sometido:* Mayo 24, 1932. *Resuelto:* Junio 3, 1932.

*E. H. F. Dottin,* abogado del apelante apelado; *A. Quirós Méndez,* abogado del apelado apelante.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Decretado el aseguramiento de la sentencia en este pleito

fué trabado embargo en el importe de la cantidad que debía ser entregada al demandado como contratista constructor de cuatro casas para escuelas que debía pagarle el Tesorero de Puerto Rico al serle entregada una certificación del Comisionado del Interior por el importe de las obras realizadas por el demandado. El márshal no se incautó de esa certificación ni del dinero pero notificó al Comisionado del Interior que no entregara dicha certificación al demandado, y también al Tesorero de Puerto Rico para que no pagase el importe de ella. La Corte de Distrito de San Juan anuló dicho embargo fundándose en el caso de *Crédito y Ahorro Ponceño* v. *Moisés Colón,* 36 D.P.R. 341, por entender que dichos bienes no están sujetos a embargo. Contra esa resolución fué interpuesta esta apelación.

Dice el apelante que cuando este tribunal declaró en los casos de *Lamboglia* v. *La Junta Escolar de Guayama,* 15 D.P.R. 318, y de *Crédito y Ahorro Ponceño* v. *Colón,* 36 D. P.R. 341, que no podían ser embargados bienes como los del presente caso, fué porque El Pueblo de Puerto Rico no podía ser demandado entonces sin su consentimiento si disponía del dinero embargado, pero que habiéndose aprobado después la Ley No. 11 de 18 de abril de 1928 autorizando El Pueblo de Puerto Rico que se le demande por daños y perjuicios, que es la acción contra él si dispusiera de los fondos embargados, es procedente ahora el embargo de tal clase de bienes.

La sentencia en los casos citados no se fundó en que El Pueblo de Puerto Rico no podía ser demandado sin su consentimiento sino en que el dinero para fines públicos no está sujeto a embargo y en que los fondos de un contratista que estén en poder de una corporación pública no pueden ser embargados. El que ahora pueda ser demandado El Pueblo de Puerto Rico por daños y perjuicios no justifica que puedan ser embargados esa clase de bienes.

*Resuelto el único motivo del recurso debe ser confirmada la resolución apelada.*