Tomás Bernardini de la Huerta, demandante y apelante, *v.*
Juan José Peña, demandado y apelado.

No. 6092.—*Sometido:* Marzo 16, 1934. *Resuelto:* Marzo 23, 1934.

*Tomás Bernardini de la Huerta,* por su propio derecho; *F. Colón,* abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Bernardini instituyó acción contra Peña en cobro de una suma adeudádale por concepto de servicios profesionales prestados en un procedimiento de *certiorari* en que la Asamblea Municipal de Santa Isabel había sido la querellada. La

corte de distrito expidió mandamiento de embargo a virtud del cual se requirió al tesorero y al contador del municipio que pusieran a la disposición de la corte cierta suma de dinero incluída en el presupuesto para el pago de determinadas costas y honorarios de abogado concedidos a Peña en el recurso de *certiorari*; o para que, alternativamente, se abstuvieran de pagarle a Peña. Posteriormente la corte de distrito, a instancia de Peña, anuló el mandamiento de embargo. De ahí el presente recurso, en que el apelante trata de distinguir el presente caso de aquellos en que se fundaron la corte de distrito y el apelado. Véanse los casos de *Lamboglia* v. *Junta Escolar de Guayama,* 15 D.P.R. 318; *Fernández* v. *Obén,* 26 D.P.R. 150; *Sobrinos de Ezquiaga* v. *Briganti,* 31 D.P.R. 865; *Crédito & Ahorro Ponceño* v. *Colón,* 36 D.P.R. 343, y *F. L. de Hostos & Co.* v. *Madera,* 43 D.P.R. 616.

El apelante indica que en todos estos casos los fondos en cuestión eran fondos públicos, mientras que en el presente el dinero asignado para el pago de la suma debida a Peña no se había incluído específicamente para ningún fin público. La única autoridad que se cita es 28 C. J. 128, párrafo 168, donde en la nota 51(*a*) se hace referencia al caso de *Leighton* v. *Heagerty,* 21 Minn. 42, en el sentido de que resuelve que: "Un comprobante (*voucher*) de los Estados Unidos, propiedad del demandado, expedido en pago de servicios personales, no de servicios oficiales, prestados por él a los Estados Unidos, puede ser propiamente objeto de embargo." El texto en cuyo calce aparece la nota lee así (bastardillas nuestras): "Las sumas que el gobierno o sus dependencias deban a un demandado están generalmente exentas de embargo, *por lo menos* hasta que el gobierno o sus dependencias pierdan el dominio de ellas."

Los hechos en el caso de *Leighton* v. *Heagerty* (resuelto en el año 1874) fueron como sigue:

"Davis & O'Brien fueron citados como depositarios del demandado Heagerty. De su declaración prestada en noviembre 12, 1873, se desprendió que en diciembre de 1872 fueron contratados por el demandado para que como abogados iniciaran una reclamación contra

el Departamento de Comisaría del ejército de los Estados Unidos. En junio 23, 1872, recibieron de dicho departamento un cheque por $218.35 en pago de parte de la reclamación, y un comprobante por $444.12, el remanente, concebido en los siguientes términos:

" 'Forma No. 13, Comprobante del Sumario B.

" 'Estados Unidos a John Heagerty, Debe.

"Lugar y Fecha                                                    Dóls. Cts.

Fort Buford, D. T
Nov. 1, 1872.

Por servicios prestados al Departamento de Comisaría en Fort Buford, D. T., como ingeniero, desde julio 1, 1872, a octubre. 31, 1872, inclusive. Cuatro meses y trece días y cuarto (13¼) a $100 por mes, incluyendo 14¼ días extras por trabajo en exceso de ocho horas por día                    $444. 12

" 'Certifico que la cuenta que precede es correcta y justa, que los servicios fueron prestados en la forma indicada, que fueron necesarios para el servicio público y que están basados en mi informe del personal, etc., para los meses de sept. y octubre, 1872, y en el formulario 1 del teniente C. G. Pennoy, A.A.Q.M., para julio y agosto, 1872.

· " 'A. P. Blunt, Cap. & A.Q.M., E.U.A.'

"Al ser empleados por Heagerty, los depositarios recibieron de él una escritura de poder, así como la siguiente orden:

" 'St. Paul, Minn., dic. 6, 1872. Páguese a James Brooks las sumas de dinero que me correspondan, y que puedan llegar a poder de ustedes con motivo de la escritura de poder por mí otorgada a ustedes en el día de hoy.

· " 'John Heagerty.

" 'A Davis & O'Brien, St. Paul, Minn.'

"Los depositarios entregaron esta orden a Brooks manifestándole que toda vez que la orden estaba pendiente, ellos no debían pagar a nadie cantidad alguna a no ser de conformidad con la ameritada orden. Allá para el 25 de abril de 1873 Heagerty les ordenó que pagaran a Brooks $226, y no más, a cuenta de dicha orden. En junio 25, 1873, la orden fué presentada a los depositarios por Guerin & Ferron, de Minneapolis, endosádale por Brooks, y los depositarios entonces les pagaron $183.35, o sea, el importe del cheque arriba mencionado, menos $35 por sus honorarios. En julio 8, 1873, el demandado envió a los depositarios un giro por $42.67, que éstos pagaron a Guerin & Ferron a cuenta de la orden (lo que hacía que el

total pagádoles ascendiese a $226.02), exigiendo al mismo tiempo el envío de la orden, que G. & F. se negaron a entregar. En la carta de Heagerty remitiendo los $42.67 éste repetía sus instrucciones a los depositarios de que a cuenta de la orden dada a Brooks pagaran solamente $226, y de conformidad con ella se negaron a pagar a Guerin & Ferron cualquier suma adicional hasta que ellos tuvieran noticias de Heagerty. Entonces Guerin & Ferron utilizaron los servicios de un letrado por cuyo conducto notificaron a los depositarios que como cesionarios de la orden les hacían responsables del saldo existente a favor de Heagerty. Más tarde, y aquel mismo día, se notificó al depositario en el presente caso. Después de las declaraciones hechas por los depositarios, el letrado de Guerin & Ferron declaró, con la objeción de los depositarios, que tenía instrucciones de ellos de cobrar $139.65, saldo de su reclamación según la orden, del cual fué pagada en julio 8 la suma de $42.67, dejando un remanente de $96.98 que tenía instrucciones de cobrar.

"Se presentó y juramentó como testigo del demandante en noviembre 13 (o sea, al día siguiente de haber prestado declaración los depositarios), a un tal Combs, quien manifestó que era agente del demandante, con plena autoridad, etc., exhibió la orden de Heagerty a Brooks, con los endosos, así como un memorándum en que se hacía constar que como tal agente del demandante había recibido la orden, etc., del letrado de Guerin & Ferron, y una estipulación al efecto de que el demandante, por conducto de su agente Combs, entregaría la orden a los depositarios, siempre que con tal entrega obtuviera el comprobante en cuestión; y que al obtener el comprobante debía usar toda la diligencia posible para cobrar el mismo, y al obtener su pago debía satisfacer a Guerin & Ferron la suma de $96.98. Este memorándum estaba fechado noviembre 13, 1873.

"El testigo declaró además que él estaba dispuesto a entregar la orden a los depositarios tan pronto como recibiera el comprobante.

"T. C. Ferron, de la firma de Guerin & Ferron, declaró que la suma que estaba pendiente a cuenta de la orden era $96.98, y presentó una carta de Brooks solicitando que la orden fuese pagada totalmente a Ferron. También manifestó que estaba dispuesto a entregar la orden tan pronto Combs recibiera el comprobante de los depositarios."

En dicho caso los depositarios apelaron de una resolución que les ordenaba la entrega del comprobante a un síndico al ser entregada la orden a dichos depositarios. Si el municipio hubiese expedido a Peña un cheque, libramiento o com-

probante, si Bernardini hubiese procedido contra un agente y apoderado de Peña como depositario, y si la corte de distrito hubiese ordenado primeramente al agente y apoderado que entregara dicho comprobante, o que depositara su producto con el secretario de la corte, o que se abstuvieran de entregar el producto del mismo a Peña y posteriormente hubiese cancelado tal orden fundándose en la teoría de que fondos municipales no estaban sujetos a embargo, entonces el caso de *Leighton* v. *Heagerty* sería aplicable.

En ausencia de mejor demostración de parte del apelante, no estamos preparados para decir que el mero hecho de que se asigne una cantidad para el pago de costas y honorarios de abogado concedidos en un procedimiento de *certiorari* hacía que el dinero de esa forma asignado pudiese ser objeto de un embargo.

*La resolución apelada debe ser confirmada.*