DE LA TORRE & RAMÍREZ, demandantes y apelados, *v.* JOSEFA, conocida por JOSEFINA BENGOECHEA Y MACÍAS, demandada y apelante.

No. 5858.—*Resuelto:* Abril 10, 1935.

*Pellón & Ayuso,* abogados de la apelante; *De la Torre & Ramírez,* por su propio derecho.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En una moción de reconsideración la apelante insiste en que las disposiciones del artículo 1247 del Código Civil tal cual fué enmendado, son cuestiones de derecho substantivo y no de derecho adjetivo. La teoría es que ora se objetara o no a la admisión de prueba oral en la corte inferior, no obstante, los letrados demandantes en este caso estaban obligados a probar que el contrato sobre honorarios debió haberse efectuado por escrito por el apoderado, Sr. Macías.

Uno de los puntos de la apelante es que ella no se hallaba en la debida posición para oponerse a la prueba oral. Primero, porque en la demanda se decía que el contrato fué celebrado con la demandada Josefa Bengoechea misma, y segundo, porque había una segunda causa de acción en la cual se alegaba un *quantum meruit,* que podía considerarse los demandantes estaban tratando de probar y que esta segunda causa de acción no fué abandonada hasta que el pleito había progresado hasta cierto punto.

Respecto a la alegación contenida en la demanda al efecto de que el contrato fué celebrado con doña Josefa Bengoechea, todo lo que la demanda necesitaba exponer era el hecho último. Si los demandantes trataron con el apoderado debidamente autorizado, el hecho último era que ellos trataban con la principal. *Qui facit per alium facit per se.*

 En lo que al segundo punto concierne, de no hacerlo antes, tan pronto como la demandada averiguó que los demandantes no se fundaban en un *quantum meruit* y sí solamente en una cuenta liquidada (*stated account*), fué el deber de los letrados oponerse inmediatamente, solicitar la eliminación o adoptar alguna otra medida, si no deseaban que se les colocara en posición de haber renunciado a los beneficios del artículo 1247, suponiendo que en realidad tal renuncia pudiera efectuarse.

 En nuestra opinión principal, a instancias de alguna indicación de la apelante, nos referimos al Estatuto de Fraudes Inglés con la posibilidad de que sus disposiciones fueran renunciadas. La apelante sostiene que en su alegato ella solamente se refirió a dicho Estatuto para determinado fin. No embargante, nos sentimos obligados a resolver que el artículo 1247 del Código Civil en su contexto general y espíritu es muy similar a las disposiciones del Estatuto de Fraudes. El fin de dicho artículo va a la forma del contrato; el mismo fin tienen por mira los distintos artículos del Estatuto de Fraudes.

El artículo 4 del estatuto inglés disponía:

"No se iniciará acción alguna contra ningún albacea o administrador, etc.; (2) o contra un demandado por la promesa especial de responder de la deuda, mora, o incumplimiento de otra persona; (4) o basado en un contrato sobre la venta de terrenos, etc.; (5) o basado en ningún convenio que no haya de realizarse dentro del término de un año, etc.; (6) a menos que el pacto en que se base tal acción o algún memorándum o nota en relación con éste conste por escrito, y esté suscrito por la persona responsable del mismo o por alguna otra debidamente autorizada por ella."

El artículo 17 del mismo estatuto provee: "No se considerará como bueno ningún contrato para la venta de efectos, etc.". . . . . a menos que el mismo conste por escrito. De suerte pues, que es evidente que las disposiciones del artículo 1247 del Código Civil no son más imperativas que disposi-

ciones similares del Estatuto de Fraudes. *Ubi eadem ratio, ibi idem jus; et de similibus idem est judicium,* máxima que fué aplicada por nosotros para otros fines, en el caso de *Fernández* v. *Obén,* 26 D.P.R. 150.

En un buen número de los estados, bajo el Estatuto de Fraudes Americano, la objeción debe hacerse mediante la alegación correspondiente, y en otros estados resulta demasiado tarde suscitar la objeción después de haberse presentado toda la prueba.

■ En el caso de *Saavedra* v. *Moreno,* 33 D.P.R. 564, dijimos que en lo que a escrituras de poder se refería el mandante debía considerarse como un tercero y hasta que se nos convenza plenamente de lo contrario no abandonaremos esta decisión.

■ El contrato celebrado entre los letrados y doña Josefa Bengoechea fué verbal o se hizo constar por escrito. Si el contrato constaba por escrito es evidente que la demandada no podía admitir, sin objeción, prueba respecto al contenido del contrato escrito y más tarde oponerse a que se dejara de presentar el contrato escrito.

Si por el contrario, conforme ocurre en este caso, cuando la realidad o toda la probabilidad es que el contrato celebrado entre los letrados y el apoderado Macías lo fué verbal, si se hubiesen presentado objeciones a las declaraciones de Ramírez y De la Torre durante el juicio, según debió haberse hecho, dichos demandantes hubieran podido presentar prueba tendente a demostrar el consentimiento o la ratificación por parte de la mandante, o un impedimento (*estoppel*). Esta cuestión relativa a la posible ratificación es altamente importante, toda vez que si los letrados saben que la parte demandada se va a fundar en la defensa de un contrato escrito de acuerdo con el inciso 6 del artículo 1247, ellos tal vez tengan varias formas de evadir su falta de presentar el contrato escrito o demostrar que la demandada misma consintió.

██ Es un hecho saliente en el presente caso que la contestación está suscrita, no por doña Josefa Bengoechea, sino por su hermano. Las relaciones tenidas por los letrados fueron casi exclusivamente con Macías y éste dice al jurar la contestación que él presta tal juramento por tener un conocimiento más exacto y más seguro de los hechos. A nuestro juicio es claro que la persona que realmente intervino en estos procedimientos fué el hermano de la demandada y, por tanto, cuando los letrados trataban con él era prácticamente lo mismo que si estuvieran tratando con la mandante. Macías había contratado los servicios de los letrados y él prosiguió con el contrato. En la página 22 de su alegato la apelante hace constar de manera enteramente clara que fué siempre Macías la persona que intervino en todas las cuestiones relacionadas con la sucesión o herencia en cuestión.

Estas consideraciones son fortalecidas por la primera defensa especial de la demandada, en la que dice:

"Que en o por el mes de julio de 1924, la demandante formuló a la Sucn. de Riera una cuenta corriente por sus servicios profesionales y la demandada por su apoderado Antonio B. Macías y siguiendo instrucciones suyas, se entrevistó con José Ramírez Santibáñez, uno de los abogados socios que componen la firma demandante en este caso De la Torre & Ramírez y llegaron a un entendido o acuerdo con respecto a la referida cuenta, por fuerza del cual quedó reducido el saldo de la misma, de $39,025.00 a $24,000.00, mediante una rebaja de $15,025.00 que hizo don José Ramírez Santibáñez a nombre y en representación de la sociedad demandante, . . . ."

Enfocando este caso desde cualquier ángulo somos de opinión que el contrato quedó debidamente perfeccionado y que si había cualquier defecto de forma el mismo fué renunciado. Hallamos que es innecesario discutir algunas de las otras cuestiones sugeridas en la moción.

*Debe declararse sin lugar la moción de reconsideración.*