157 So. 231

## JASPER LAND CO. v. RIDDLESPERGER.
### 6 Div. 573.

· Court of Appeals of Alabama.
May 22, 1934.

Rehearing Denied June 12, 1934.

See, also, 140 So. 624, 25 Ala. App. 45.

Coleman D. Shepherd, of Jasper, for appellant.

L. D. Gray and J. B. Powell, both of Jasper, for appellee.

**BRICKEN, Presiding Judge.**

The record discloses that appellee recovered judgment against A. S. Preston, defendant in the court below, for $550, on September 22, 1928.

On January 31, 1931, garnishment was issued on the judgment against this appellant, who answered "not indebted." This answer was contested, and upon the trial of the contest before the court without a jury, judgment was rendered in favor of this appellee against this appellant for the full amount of the plaintiff's judgment, and the garnishee appealed. The action of the court in rendering this judgment is made the basis of the assignment of errors.

The trial judge in the rendition of the judgment, among other things, states:

"The evidence taken on the former trial was offered and submitted, and other witnesses having been first duly sworn gave their testimony, and other evidence was offered and after hearing and considering the same it is the opinion of the court that on January 31, 1931, the defendant A. S. Preston was an employee of the garnishee Jasper Land Company, a corporation as its Secretary and Treasurer, under an election as such by action of the Board of Directors of the garnishee had on April 17th, 1929, that thereafter said defendant continued to serve as such Secretary and Treasurer of said garnishee under said election for the remainder of the year 1929, during which time the garnishee paid the defendant Preston a monthly salary of $250.00 per month, making a total of $2,-750.00 paid the defendant A. S. Preston by the garnishee Jasper Land Company during said year of 1929, said payment covering all the months of said calendar year of 1929, except the month of January of that year; that under said election as Secretary and Treasurer, A. S. Preston became entitled to his monthly salaries for the services performed by him and that the writ of garnishment issued and served upon the garnishee on January 31st, 1931, created a lien upon so much of the salary due to be paid the defendant A. S. Preston from and after January 31st, 1931, until the indebtedness due by said defendant to the plaintiff was paid.

"It is further ordered that at the time of the service of said writ of garnishment on the garnishee the defendant A. S. Preston was indebted to plaintiff by said judgment in the sum of $550.00 plus eight per cent. interest thereon from September 22nd, 1928, to January 31st, 1931, which interest amounted to $102.00 making a total then due the plaintiff by defendant of $652.00 and said sum of $652.00 so due or payable by the Jasper Land Company to the defendant A. S. Preston for services performed by said Preston in the months of February, March and April, 1931, is condemned to the payment of said $652.00 so due plaintiff by said defendant.

"It is further ordered and adjudged by the court that the garnishee Jasper Land Company, a corporation, pay to the plaintiff, Mrs. Vannah Riddlesperger, the said above-mentioned sum of $652.00, with the costs incurred in this cause on this particular trial of said contest by the plaintiff of the said answer of said garnishee.

"Rendered this 2nd day of February, 1933."

Appellant admits that Preston, the judgment debtor, has been for many years continuously in its employ, and has received appreciable salary for his services; but contends that at the time of the service of the writ of garnishment Preston was working for it under a certain contract entered into by and between L. B. Musgrove, deceased, its former president, and Preston, on August 22, 1927. Said contract appears in the record and is as follows:

"State of Alabama, County of Walker.

"It is hereby agreed between the Jasper Land Company and A. S. Preston, as follows:

"That said Preston is hereby employed to work for Jasper Land Company, in keeping its books, looking after its properties, and doing all other work called upon by the Land Company, in addition to acting as Secretary

& Treasurer of the Company, at a salary of Two Hundred eighty-three and one-third dollars per month, to be paid in advance on the first day of each month.

"It is agreed, however, that any balance due to Jasper Land Company by A. S. Preston, shall be deducted from any payments to be due hereafter under this contract, so that the Land Company will be paid in full any balance that may be due said Land Company before any money shall be paid said Preston.

"And it is further agreed that the employment of said Preston under this contract shall be subject to termination by either party at any time.

"Executed in duplicate, this the 22nd day of August, 1927.

"Jasper Land Company,
"By L. B. Musgrove, President.
"A. S. Preston."

Appellant predicates its nonliability upon the foregoing contract alone, and in effect concedes that but for this contract the plaintiff would be entitled to her judgment in this proceeding. In this connection it is insisted that at no time during the pertinent period, that is to say, from the date of the service of garnishment to the time of the trial of this issue, could the defendant have maintained an action of debt against appellant, for the reason at no time during said period was appellant ever indebted to him; it having paid defendant in advance on or before the first day of each calendar month the salary agreed upon between them.

It is the law that in the absence of fraud on the part of the debtor, or fraudulent collusion between the debtor and the garnishee, only such money demands can be subjected by process of garnishment to the satisfaction of plaintiff's judgment as the defendant in judgment could in his own name recover in an action of debt against the garnishee. This rule of law is well established, and is not here controverted. It, however, has no application if upon the hearing fraud on the part of the debtor or fraudulent collusion between the debtor and garnishee is shown.

Appellee first insists that the agreement is void, for the reason that it was not authorized by the board of directors of appellant corporation, but was executed on behalf of such corporation by its president without authority, as clearly appears from the testimony in the record. In this connection it is argued that: "One L. B. Musgrove was, for many years, President of Jasper Land Company, the appellant, and he was succeeded as such president by Coleman D. Shepherd, who testified on the trial of this cause: 'The Jasper Land Company is a corporation; the incorporation provides for a President, Secretary & Treasurer, and a Board of Directors, and these officers are elected for one year and until their successors are elected. If they failed to elect officers at the annual meeting, the old ones would hold over; I don't think the President has any authority to elect a Secretary & Treasurer. The Board of Directors of the corporation are the Board of Managers, fix the salary of the Secretary-Treasurer.'" Thus it will be seen that the agreement entered into between the defendant and the appellant was without authority of the board of directors; neither has such board ratified such contract. It does not appear that the board of directors ever knew of the existence of such contract, which was manifestly entered into for the purpose on the part of the defendant to avoid the payment of the judgment in this cause, as will be hereinafter pointed out. The agreement did not change or vary the amount of defendant's salary; and it did not enlarge or increase the amount of work to be done by the defendant, as he had been doing the same work theretofore. While it purports to be a contract of employment, with the right of appellant to discharge the defendant at will, it is a misnomer in this respect, as the defendant was already in the employment (if we may call it such) of the appellant, as its secretary and treasurer, and had been for at least thirty years. The board of directors had already elected the defendant to this office and fixed his salary, without any stipulation that he should be paid in advance. The agreement, therefore, is not a contract of employment; but plainly it had but one purpose, and that was to avoid the payment of this debt to the appellee, and other debts and judgments. Of course we know that it was not the purpose of the agreement to add to the duties of the defendant. From the fact that payment of salary is provided therein to be made in advance, it is logical to assume that the agreement was made at the instance of the defendant; and it is unreasonable to assume that he suggested an increased amount of work without an increase in pay. The truth is, this was a little side agreement to be used as it is being used in this cause to defeat the rights of this widowed plaintiff. The preponderance of the evidence shows that it was not executed on the part of the appellant by any one authorized to bind the appellant, and

is, therefore, so far as this proceeding is concerned, and the rights of the appellee are concerned, a nullity. Appellee indulges further extended argument of the same import as the foregoing. The record contains inferences to support this argument. It clearly appears that Preston's salary was never paid in advance until and after this judgment was obtained against him. He testified: "I work for the Jasper Land Company in the capacity of Secretary and Treasurer. * * * I really have the management of the company. I keep the books of the company. I do the work myself and have for many years."

The evidence adduced upon the trial of this case and the inferences afforded in this connection are sufficient in our opinion to sustain the finding of the trial court to the effect that the defendant, A. S. Preston, was an employee of the garnishee, Jasper Land Company, a corporation, as its secretary and treasurer, under an election as such by action of the board of directors of the garnishee had on April 17, 1927, that thereafter said defendant continued to serve as such secretary and treasurer of said garnishee under said election for the remainder of the year 1929, during which time the garnishee paid the defendant, Preston, a monthly salary of $250 per month, making a total of $2,750 paid the defendant, A. S. Preston, by the garnishee, Jasper Land Company, during the year of 1929, said payment covering all the months of the calendar year 1929, except the month of January of that year; that under said election as secretary and treasurer A. S. Preston became entitled to his monthly salaries for the services performed by him, and that the writ of garnishment issued and served upon the garnishee on January 31, 1929, created a lien upon so much of the salary due to be paid defendant, A. S. Preston, from and after January 31, 1931, until the indebtedness due by said defendant to the plaintiff was paid. For like reasons, the order of the court, as hereinabove set forth, was properly made and entered.

█ As stated, this case was tried and determined by the court without a jury; therefore the conclusions of the court on the facts, and the judgment rendered thereon, should not be disturbed on review, if the judgment rendered can be supported by the evidence. In other words, the action of the court in rendering judgment on controverted facts has the same force and effect as a verdict of a jury. The evidence in this case and its tend-

encies were in conflict; hence the application of the foregoing rule.

We find no reversible error on the trial of this case in the court below. The judgment thereof from which this appeal was taken will therefore stand affirmed.

Affirmed.