Diego Agüeros & Co., Plaintiff and Appellant, v. Alfredo Heres, Defendant and Appellee.

No. 6998. Argued May 7, 1936.—Decided July 31, 1936.

*J. Pedro Miranda* for appellant. *José S. Alegría,* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

In the District Court of San Juan, Diego Agüeros & Co. obtained judgment against Heres in the sum of $1,068.94. Thereupon the plaintiff obtained an order from the secretary of the court directed to the marshal in the following terms:

"Whereas the plaintiff filed in the clerk's office of this court a complaint against the defendant, Alfredo Heres, for a debt (*cobro de dinero*) in the sum of $1,068.94 as principal and the costs;

"Whereas the plaintiff has also filed a motion asking for an attachment to secure the effectiveness of the judgment;

"Whereas this court in response to the motion presented has dictated the following order which copied literally says as follows:

" 'Order.—Considering the motion for the attachment to secure judgment presented in this case, the court holds it to lie and orders the security of the attachment . . . and orders the clerk to issue the proper writ to be executed by the marshal of the District Court of Bayamón, Puerto Rico, to be made out of the property of the defendant, Alfredo Heres, up to the sum of $1,068.94, as principal and $300 as costs, disbursements, interest, and lawyer's fees. . . . '

"Whereas the complainant has asked for a new order of the court to be placed in the hands of the marshal of the District Court of Humacao;

"Whereas this Court has entered the following additional order which says as follows (Here follows a substituted order directed to the marshal of the District Court of Humacao in place of the marshal of the District Court of Bayamón.)

"Therefore, you, the marshal, as indicated, are ordered by the present writ to comply with the transcribed order of the court in

the form in which it is drawn up returning the present writ duly executed to the clerk's office from which it came.''

The order was duly signed.

The judgment creditor instructed the marshal to attach as follows:

"To the marshal of the district court of the judicial district of Humacao, P. R.

"In performance of an order of attachment drawn up in this case be kind enough to attach the following property of the defendant, Alfredo Heres:

"The fourth part of the salary which he obtains as an employee of the General Cigar Company of Humacao, P. R., month by month, until the amount object of the writ is covered, notifying and requiring the paymaster or cashier of said firm to deliver to you or to the complainant himself such fourth part.

"San Juan, Puerto Rico, the 2nd of October, 1933.—(Signed) J. Pedro Miranda, attorney for the plaintiff.'

On October 24, 1933, the marshal went to the cashier of the General Cigar Co. where Heres was employed and notified the former to pay the indicated portion of the salary to the said marshal. Thereafter when, and as, the salary of Heres fell due the said company paid over to the marshal one-fourth of the said monthly salary. Incidentally it may be said that under the exemption laws three-fourths of a man's salary cannot be reached by execution. The company continued to pay over the required amount for fourteen months.

On the 31st of December, 1936, the defendant Heres filed a motion to annul the attachment served on his employer. The District Court of San Juan, after a hearing, annulled the attachment in the following language:—

"The motion of the defendant is held to be good with respect to that part of the attachment executed without a legal order of this court to reach salaries as earned by the defendant. Notice to be served.''

In essence the whole case turns upon the right of the judgment creditor to attach salaries that have not become due. At the outset we question whether the order placed in the hands of the marshal was sufficient by its terms to include future salaries as the court did not specify them and this doubt is strengthened by a part if not all of the discussion made by the appellant.

On the continent of the United States it is almost universally held that salaries not due can not be attached. Alabama decided to the contrary in *Jasper Land Co.* v. *Riddlesperger,* 157 So. 231, and it would seem that the State of New York has a statute permitting the taking in execution or the attachment of future salaries. The process would be known in the north as a "trustee process" or garnishment of future salaries.

The theory of the court necessarily must have been, and is, that there was no thing in existence which could have been reached by execution; that salaries to accrue are not things. Ordinarily the right of the debtor to his salary only arises after he has performed the services.

The first argument of appellant was that there was a provision in the old Code of Civil Procedure which permitted the attachment of salaries but we have examined the statute and we do not find that by its terms it includes unearned salaries nor does the citation from Manresa convince us to the contrary. The latter says:

" . . . and if it consists of credits, salaries or pensions the retention is ordered of the same in power of the person or officer who should pay them as a deposit (*consignación*) in the strong box (*cajá de depósito*) when they become due (*cuando se realicen*) which the creditor may collect without the necessity of depositing agent (*depositario*)." Manresa, Law of Civil Procedure, Vol. 5, (2nd Ed) p. 496.

This quotation is from a part of the Commentaries which refers to the creditor's privilege of naming a depositary for

514

attached goods, and does not necessarily apply to unearned salaries as indicated by the use of the word "*consignación*". That word practically always refers to the payment in court of something which is actually due. The attachment of something due in the hands of the person bound to pay it is one thing and its actual deposits in court is another.

The appellant maintains that there is nothing in the law to prohibit the attachment of future salaries and we agree. Nevertheless, as we have intimated before, ordinarily an execution or attachment only arises to cover a thing in existence. To a large extent the realm of attachment or execution is limited or extended by direct provisions of law.

Another argument of the appellant is that the company in point of fact, month by month, to the number of fourteen paid the 25 per cent of the salary without protest and that this money so voluntarily paid could not be recovered from the marshal. This principle is something like an estoppel and the act of another would not tie the hands of the debtor who never consented. The right of the debtor had in no sense prescribed and we do not find any laches.

These considerations or part of them emphasize the doubt that we had inasmuch as the attention of the court below was never directed to the attempt to recover future salaries, at least not until the motion to annul was presented.

The order should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.

### DISSENTING OPINION OF MR. JUSTICE TRAVIESO

I dissent from the opinion of the majority in this case.

It is true that there is not in our laws any precept authorizing a judgment creditor to attach salaries not yet accrued to his debtor. I agree that an execution or attachment can only reach a thing in existence.

A judgment debtor, who expects salaries to accrue in the future, and his employer, who is to pay them, might refuse to obey an order of attachment like that issued in the instant case. If they should have done so, the creditor might have attached at the end of each month the fourth part of the salary subject to execution. Neither the defendant nor his employer so acted in this case. They accepted the order; and at the end of each month, during fourteen consecutive months, the General Cigar Co., employer of the judgment debtor, delivered to the marshal *in custodia legis,* a fourth part of the salary already accrued *and in existence.*

I am of the opinion that the monthly deliveries made to the marshal, in obedience to an order which had not been attacked, when the salaries had already accrued had been converted into a tangible reality, into an attachable property, completed and perfected the attachment upon the amount in the possession of the marshal; and that the defendant ought not to be permitted, after having submitted voluntarily to the attachment to ask that it be vacated in order that he may gain possession of the funds accumulated during fourteen months and thus mock his creditor.

I am of the opinion that the order appealed from ought to be reversed and that in lieu thereof another order ought to be entered sustaining the validity of the attachment as to the amount in possession of the marshal and vacating the order of attachment as to future salaries.