ANGEL RODRÍGUEZ VELÁZQUEZ, Plaintiff a n d Appellee, v. FRANCISCO FONTES CÁTALA, Defendant and Appellee; THE AMERICAN RAILROAD COMPANY OF PORTO RICO, Intervener and Appellant.

No. 7198. Argued March 3, 1937.—Decided June 4, 1937.

*M. Acosta Velarde* for appellant. *Vicente Géigel Polanco* for plaintiff-appellee. *Angel M. Villamil* for defendant-appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Angel Rodríguez Velázquez brought, in the District Court of San Juan, an action against Francisco Fontes Cátala for the recovery of $1,297 as damages, and to secure the effectiveness of any judgment that might be rendered, he requested an attachment of property of the defendant, offering to furnish the proper bond.

The court so ordered, and the clerk issued a writ to the marshal, who following written instructions of the attorney for plaintiff, attached "all salaries or compensation which the defendant has earned or may hereafter earn as an employee of the American Railroad Company of Porto Rico." The notice served on the manager of the company is dated June 9, 1935, and reads as follows:

"In compliance with an order of attachment issued by this Honorable Court in the above-entitled case, to secure the effectiveness of any judgment that might be rendered in due time in favor of plaintiff Angel Rodríguez Velázquez and against the defendant Francisco Fontes Cátala, from whom the sum of one thousand two hundred ninety seven dollars ($1,297) is claimed as damages, on this date I have proceeded to attach all salaries or compensation which the defendant Francisco Fontes Cátala has earned or may hereafter earn as an employee of the American Railroad Company of Porto Rico.

"And you are hereby directed to retain in your possession all salaries or compensation which the said Francisco Fontes Cátala has

earned or may hereafter earn as an employee of the American Railroad Company of Porto Rico, up to the said sum of one thousand two hundred and ninety-seven dollars ($1,297) claimed in this action; and you are not to deliver them to any person other than the undersigned marshal until the further order of the court.''

On August 12th following, the attorneys. for both parties presented to the court the following stipulation:

''1. That among the properties attached in this case are to be found the monthly earnings of the defendant, Francisco Fontes Cátala, as an employee of the American Railroad Company, which amount to $100 a month.

''2. That the undersigned attorneys, with the consent of their respective clients, have agreed that only one-fourth of said earnings shall remain subject to the attachment, during the prosecution of this suit, and that the marshal of this court must retain said one-fourth and return to the defendant Francisco Fontes Cátala the balance in his possession and which was attached.

On the same day the court decided:

''The court approves the stipulation of the parties and hereby releases the attachment of the salaries of the defendant as to three-fourths thereof, the remaining one-fourth to continue subject to the attachment, and it further orders that any excess which may have been retained by virtue of the order of attachment be returned.''

At this stage, on August 29, 1935, The American Railroad Company of Porto Rico filed a motion entitled ''of intervention''—''in the incident of attachment to secure the effectiveness of judgment.''

It alleged in said motion that the attachment levied obstructed the good functioning of its offices and affected the service it rendered in its capacity as a public service corporation; that there was no law authorizing the attachment of salaries of employees to secure the effectiveness of a judgment, nor imposing upon the employees the duty of withholding the salaries of its employees, but that on the contrary there is Act No. 17 of 1931 (Sess. Laws, p. 194) which pro-

vides that no employer may deduct for any reason any part of the salary earned by his employees to be paid to another person. The prayer of its motion is as follows:

"IT PRAYS to be relieved of the obligation of deducting one-fourth of the salary of the defendant Francisco Fontes Cátala as an employee of the American Railroad Company of Porto Rico, and that the attachment be declared void for said purposes."

The plaintiff objected and the court in a reasoned decision of October 31, 1935, dismissed the motion of intervention.

Feeling aggrieved by that decision, the company took an appeal to this court. In its brief it assigns three errors committed, as it claims, by the lower court in deciding that the company could not intervene in the suit nor in the incident of attachment, for lack of interest; in holding that by virtue of the stipulation of the parties to the suit, the attachment could not be dissolved nor the intervener relieved of the duties imposed upon it as judicial depositary; and in denying said motion.

In our judgment, it is so clear that the American Railroad Company has no interest in the principal suit, and hence that it can not intervene in the same in accordance with the law and the jurisprudence on the matter, that we will omit all discussion on this point. The company itself so admits but claims that, although it has no interest in the suit between Rodríguez and Fontes, it is interested in the attachment. Its own words are:

"The interest of the intervener and appellant arose only and exclusively from the actions of the parties and the court itself, in imposing on it, without its consent and without any law authorizing it, the duty of withholding one-fourth of any salary earned by its employee, until further order, that is, in constituting the intervener and appellant in judicial depositary of attached property."

In support of its contention it cites the decision of this court in the case of *Torres* v. *Municipal Court,* 35 P.R.R.

347. Indeed in said case this court speaking through Mr. Justice Aldrey held as follows:

"In an action to recover money brought in one of the municipal courts of this city an attachment was granted against the defendant, an employee of the Insular Government, and the Auditor of Porto Rico was notified that he should retain each month one-fourth of the defendant's salary and remit it to the clerk until the amount sued for should be covered.

"The defendant made no appearance and the clerk entered a default judgment against him. Shortly thereafter the Acting Auditor of Porto Rico petitioned the court for leave to intervene specially and move for dissolution of the attachment on the ground that the order of attachment tended to interrupt and impair the good conduct of an office of the Government of Porto Rico; that there is no law expressly authorizing the attachment of salaries of officers and employees of the Insular Government or a deduction from their earnings while they are in the hands of the Treasurer of Porto Rico, and that the said attachment is against public policy.

"The plaintiff opposed the petition, but the municipal court granted it and, after hearing the parties on the motion to dissolve the attachment, sustained the motion and dissolved the attachment. To review those rulings the plaintiff brought certiorari proceedings in the District Court of San Juan, which issued the writ and after hearing the parties discharged it on the ground that the Acting Auditor had a right to intervene and that the salaries of government employees can not be attached, which decision is the ground of this appeal taken by the party prejudiced thereby.

"Four grounds are set up by the appellant for a reversal of that decision; but they may be condensed into the two propositions (1) that the lower court should not have permitted the intervention of the Acting Auditor of Porto Rico by holding that he had an interest in the action, especially after judgment had been rendered, and (2) that it should not have decided whether or not the salary of a government employee may be attached, confusing the right to be heard with a favorable decision.

"In support of his first ground of appeal the appellant alleges that section 72 of the Code of Civil Procedure allows intervention before trial only to persons having an interest in the matter in litigation, in the success of either of the parties, or an interest against both, and that as the Acting Auditor of Porto Rico is not within any

of those conditions and the suit between the parties was ended by judgment, his intervention should not have been allowed.

"It is true that the Auditor of Porto Rico has no material interest in the litigation in the sense that he is not affected by the question of whether or not the defendant owes the amount claimed, for which he made no allegation in that respect in his petition to intervene, and that the suit was ended by the judgment entered against the defendant therein, for which it is clear that the intervention prayed for can not be based on the statute cited; but as the Auditor was notified and ordered to deduct and retain one-fourth of the salary of the defendant as a government employee and remit it every month to the office of the clerk of the municipal court, if he had no legal obligation to make such deductions he had a right to be relieved of the order and for this reason he could petition the court to that effect. This is why his petition, although called a petition for intervention, is not that authorized by said section 72, but merely a petition to be relieved of the obligation imposed on him, and for this reason it had not to comply with the requirements of the said statute, wherefore the court below committed no error in holding that the Acting Auditor of Porto Rico could intervene in the suit in the municipal court.

"The second question raised by the appellant is based on the fact that only questions of procedure or jurisdiction can be reviewed in a certiorari proceeding, and that the court below could not decide therein whether or not the salary of a government employee is subject to attachment. However, as the Acting Auditor alleges that he is not bound to retain a part of the defendant's salary and deliver it to the clerk of the municipal court, because there is no law expressly authorizing the attachment of the salary of a government employee, such a question involves the jurisdiction of the court to order the attachment of the defendant's salary and to direct the Auditor to deduct and retain a part of such salary; therefore the court below committed no error in deciding that question in the certiorari proceeding involved in this appeal."

The legal question involved in both cases is the same, except that in the *Torres* case, *supra,* a public employee was involved, whereas here we are concerned with an employee of a corporation.

Emphasizing such difference so as not to apply the cited decision, the district court in its opinion said:

"Nor is it proper to invoke the doctrine of the case of *Torres* v. *Municipal Court*, 35 P.R.R. 347, in which the Auditor of Puerto Rico asked to be relieved of the duty imposed upon him, by virtue of an order of attachment issued to that effect, of deducting one-fourth of the salary of a public employee, on the grounds, among others, that said order was contrary to public interest and prejudicial to the good functioning of the Government of Puerto Rico, and that there was no law authorizing the attachment of salaries of officers and employees of the Government while the earnings are in the possession of the Treasurer of Puerto Rico. A private corporation, even though it operates a public enterprise, is not in the same privileged position which is inherent to the official organisms and dependencies of the Government, and the privileges pertaining to these organisms are not in any way enjoyed by private entities. The purely clerical work caused to petitioner by a compliance with the order of attachment is a mere consequence of its status as an employer of the defendant employee, and is not a sufficient ground for the court to dissolve an attachment which has been validly levied. Furthermore, the relationship between a public employee and the Government is governed by a different statute from that which regulates the relationship between a private employee and his employer."

However, said court was not consistent with its own viewpoint. It did not confine itself to a dismissal of the petition, but went on to consider it on the merits and after concluding for the reasons it stated, that the petition was groundless, it denied the same. And so in point of fact it followed the procedure acknowledged as valid by the *Torres* case, *supra*.

This is a special intervention within an incident of the main suit, for the purpose of determining the duty of a third person on whom a certain obligation was imposed in connection with the suit.

One is bound to comply only with legal orders. Let us suppose that the company, deeming the order of attachment to be illegal, had refused to comply with it and had been cited for contempt of court, would it not have had the right to

discuss the legality of the order within the suit? Certainly. Why then could it not do so without the necessity of being forced to assume such a perilous position?

In our judgment, in so far as concerns the procedure to be followed, there is no difference between the said *Torres* case, *supra,* and the one at bar. In virtue thereof, the question raised must be decided on the merits. Referring to them the lower court said:

"The salary earned by a person employed with a private employer or entity is property which belongs to him exclusively, subject to attachment, as any other property whether movable or immovable which said employee may own, with the exception of property expressly declared to be exempt from attachment or execution. The salary earned in private enterprises is, therefore, subject to attachment and execution without any other limitation than that fixed by subdivision 7 of section 249 of the Code of Civil Procedure of Puerto Rico, as amended by Act No. 32 of 1919, which provides that three-fourths of the earnings of the judgment debtor for personal services rendered at any time within thirty days next preceding the levy of execution, or levy of attachment, when it appears by the debtor's affidavit that such earnings are necessary for the use of his family supported wholly or in part by his labor is exempted from execution. It is manifest that unless all of these requirements are present, the exemption of three-fourths of the earnings can not be claimed.

"Briefly, we conclude that the attachment was validly levied and that, by a stipulation of the parties to the suit concerning the existence of said attachment, the court, complying with its duty of securing the effectiveness of the judgment and exercising the discretion granted to it by law, acted correctly in approving said stipulation, and in ordering by virtue thereof the attachment of one-fourth of the salary of the defendant, as an equitable security for the effectiveness of the judgment in view of the special character of the earnings. Regarding the status of judicial depositary of the earnings attached, we agree with the petitioner that it is not bound by law to keep in its custody and against its will the property attached. But in our judgment, its remedy is not to request the annulment of the attachment, but to deposit with the marshal of this court the sums deducted from the salary of the defendant."

Subsequent to the filing of the briefs, but before the hearing of this appeal, this court decided the case of *Diego Agüeros & Co.* v. *Heres*, 50 P.R.R. 510, in which the question here involved was definitely settled against the opinion of .the lower court in so far as said opinion referred to unearned salaries at the time of the attachment. This court speaking through Mr. Justice Wolf said:

"On the continent of the United States it is almost universally held that salaries not due can not be attached. Alabama decided to the contrary in *Jasper Land Co.* v. *Riddlesperger*, 157 So. 231, and it would seem that the State of New York· has a statute permitting the taking in execution or the attachment of future salaries. The process would be known in the north as a 'trustee process' or garnishment of future salaries.

"The theory of the court necessarily must have been, and is, that there was no thing in existence which could have been reached by execution; that salaries to accrue are not things. Ordinarily the right of the debtor to his salary only arises after he has performed the services.

"  *           *           *           *           *           *           *

"The appellant maintains that there is nothing in the law to prohibit the attachment of future salaries and we agree. Nevertheless, as we have intimated before, ordinarily an execution or attachment only arises to cover a thing in existence. To a large extent the realm of attachment or execution is limited or extended by direct provisions of law."

And even in the dissenting opinion of Mr. Justice Travieso it is said:

"It is true that there is not in our laws any precept authorizing a judgment creditor to attach salaries not yet accrued to his debtor. I agree that an execution or attachment can only reach a thing in existence.

"A judgment debtor, who expects salaries to accrue in the future, and his employer, who is to pay them, might refuse to obey an order of attachment like that issued in the instant case."

There only remains to be considered the effect of the stipulation of both parties which was approved by the court.

No matter how strong its force may be, it can not impose on a third person against his will an obligation which does not emanate from the law. Consequently, as the company has assumed an attitude contrary to the stipulation, it can not be compelled to comply against its will with an order which does not derive from the law.

The order appealed from must be reversed and another rendered instead holding that the American Railroad Company of Porto Rico is not bound to comply with the order of attachment notified by the marshal of the district court on June 9, 1935, in so far as the salaries not due at the time of the issuance of the order are concerned.

Mr. Justice Córdova Dávila took no part in the decision of this case.