**EQUILEASE CORPORATION, a corporation, Plaintiff,**

v.

**SOLID WASTE SYSTEMS, INC., et al., Defendants,**

**Suburban Gas Company, Garnishee.**
**Civ. A. No. 73-G-267-S.**

United States District Court,
N. D. Alabama, S. D.

Sept. 9, 1974.

Richard F. Ogle, Denaburg, Schoel, Meyerson & Ogle, Birmingham, Ala., for plaintiff.

W. S. Pritchard, Jr., and Madison W. O'Kelley, Jr., Birmingham, Ala., for defendants.

Lee E. Bains, Bessemer, Ala., for garnishee.

## ORDER

GUIN, District Judge.

This cause having come to be heard by the Court on August 26, 1974, upon Plaintiff's motion contesting the answer of Garnishee, Suburban Gas Company, and the motions of Suburban Gas Company, Brett Suburban Gas Company, Inc., and Bessemer Suburban Gas Company, Inc., to set aside the conditional judgments entered in this cause, the Court makes the following findings and order.

The undisputed facts in this case are as follows: On March 18, 1974, pursuant to a request by the Plaintiff for the Defendant, G. F. Hughes, to file a statement of assets, the said G. F. Hughes did file a statement of assets with the Clerk of the Court. Upon timely contest of said answer, the Defendant, G. F. Hughes, was ordered to appear on June 6, 1974, for oral examination by the Plaintiff concerning the accuracy of said statement, at which time said Defendant did appear and was duly examined by the attorney for Plaintiff. At said oral examination, the Defendant made known to the attorney for the Plaintiff that he was employed by Suburban Gas Company, holding the position of Vice President. On June 7, the Plaintiff filed a garnishment against the said Suburban Gas Company, and, on June 9, said Garnishee was served with the garnishment. In its answer to said garnishment, dated August 1, 1974, the Garnishee, among other things, stated that "effective June 10, 1974, the Defendant is paid in advance by the Garnishee . . .". It is undisputed that for some 35 years prior to this time, the Defendant, G. F. Hughes, had been paid on a salary basis. It is further undisputed that the purpose for changing the basis of compensation was to defeat the legal effect of the said garnishment filed by the Plaintiff. Pursuant to said answer, the Garnishee did pay into Court the sum of $191.57, representing 25 per cent of an admitted sum of $766.28, being held by the Garnishee for the benefit of the Defendant at the time of the service of said garnishment. It is agreed by the parties that between the time of the service of the garnishment and the date of the hearing of this contest, the Defendant has received five advances of $766.28 each. Further, it is undisputed that at no time was the change of basis of compensation for the Defendant approved by the Board of Directors of the Garnishee.

The Plaintiff contends that said answer of the Garnishee should be set aside on two grounds; that the change of basis of compensation for the Defendant was not approved by the Board of Directors, and, thus, said agreement is void; and, on the basis that the Defendant and the Garnishee were guilty of fraudulent collusion to defeat the garnishment filed by the Plaintiff. The Defendant and Garnishee contend that such an arrangement was legel, notwithstanding the absence of a resolution of the Board of Directors. The Defendant and Garnishee also deny any fraudulent collusion.

Upon consideration of the pleading, testimony taken at the hearing of this matter, and all legal authorities cited to the Court by both parties, the Court is of the opinion that the agreement between the Defendant and the Garnishee by which the basis of compensation to the Defendant was changed from a salary basis to an advance basis is void for the failure of a resolution of the Board of

Directors, relying primarily on Jasper Land Co. v. Riddlesperger, 26 Ala.App. 191, 157 So. 231. The Court makes no determination, at this time, of the claim of the Plaintiff that the acts of the Defendant and Garnishee constituted a fraudulent collusion by them to defeat the rights of the Plaintiff pursuant to the garnishment.

Therefore, it is ordered, adjudged and decreed that the answer of the Garnishee is hereby set aside, and the agreement between the Defendant and the Garnishee is hereby ruled void. It is ordered and decreed that judgment be entered in favor of the Plaintiff and against the Garnishee for the sum of $957.85, which represents the amount of money that should have been retained by the Garnishee from the date of the service of the garnishment until the date of this hearing, August 26, 1974. The Garnishee is hereby ordered to withhold from future monies paid the Defendant, G. F. Hughes, such sums as permitted by law in order to comply with the garnishment of the Plaintiff.

It is the further order of this Court that the Clerk pay to Richard F. Ogle, attorney for the Plaintiff, the sum of $191.57, which sum has previously been paid into the Court by the Garnishee pursuant to its original answer to the garnishment.

It is the further order of this Court that the Garnishee shall be subrogated to such portion of the Plaintiff's judgment as the Garnishee is obligated to pay. However, the Garnishee shall not have a preference as to this subrogation over the valid lien of the Plaintiff and cannot reimburse itself from such sums due or to become due by it to Hughes until its obligations pursuant to this garnishment are fulfilled, and the judgment against Hughes paid in full.

It is the further order of this Court that the motion filed by Brett Suburban Gas Company, Inc., and Bessemer Suburban Gas Company, Inc., to set aside conditional judgment, is by the consent of the parties, hereby granted, and the answer of said Garnishees is hereby allowed.

It is the further order of this Court that all costs incurred pursuant to the filing of the garnishment, the answer and subsequent contest thereof are hereby taxed against the Defendant.