Ramón Tórres, demandante y apelante, *v.* Corte Municipal de San Juan, Sección 2ª, Pedro Manzano Aviñó, Juez, demandado y apelado.

No. 3831.—*Visto:* Febrero 17, 1926. *Resuelto:* Abril 28, 1926.

1. Embargos—Bienes Sujetos a Embargo—Sueldos de Funcionarios o Empleados Públicos.—Notificado el Auditor de un embargo para que descuente parte del sueldo de un demandado—empleado público—y la remita cada mes a la corte, si él entiende que no tiene obligación legal de hacer tales deducciones, tiene derecho a comparecer dentro del procedimiento para que se le releve de la misma.

2. Certiorari—Procedimientos y Resolución—Revisión por Certiorari y su Alcance—Cuestiones a Tratar y Resolver—Cuestiones que Envuelven la Jurisdicción de un Tribunal.—Anulado un embargo—trabado sobre el sueldo de un demandado funcionario público—a solicitud del Auditor fundada en no estar él obligado a deducir mensualmente parte del sueldo por no haber ley que autorice el embargo de los mismos, e interpuesto recurso de *certiorari* contra la resolución que anuló dicho embargo, la corte puede, dentro de dicho procedimiento, tratar y resolver si los sueldos de los emplados públicos son o nó embargables.

3. Apelación y Error—Revisión—Alcance y Extensión en General—Cuestiones no Planteadas por el Apelante.—El Supremo no resolverá una cuestión no planteada por el apelante.

Sentencia de *Pablo Berga,* J. (San Juan), declarando sin lugar solicitud de *certiorari,* sin costas. *Confirmada.*

*Arturo O'Neill,* abogado del apelante; *Hon. George C. Butte, Attorney General, C. Llauger Díaz* y *Emilio Aldrey,* abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

En pleito seguido en una de las cortes municipales de esta ciudad para cobro de dinero fué decretado el aseguramiento de la sentencia y el embargo de bienes del demandado, que es un empleado del Gobierno Insular, disponiéndose que el Auditor de Puerto Rico dedujese cada mes la cuarta parte del sueldo del demandado y la remitiese a la Secretaría de la corte hasta que se completase la cantidad reclamada, lo que le fué notificado.

No habiendo comparecido el demandado a contestar la demanda el secretario registró sentencia por su rebeldía y pocos días después el Auditor Interino de Puerto Rico pre-

sentó escrito a la corte solicitando le permitiera intervenir especialmente y presentar moción para que se anulase dicho embargo, exponiendo que la orden de embargo que se le notificó tiende a interrumpir y menoscabar el buen funcionamiento de su oficina, que lo es del Pueblo de Puerto Rico: que no existe ley que de modo expreso autorice el embargo de los sueldos de los funcionarios y empleados del Gobierno Insular o la deducción de los haberes que devenguen mientras se encuentran en poder del Tesorero de Puerto Rico y que dicho embargo es contrario al interés público.

Se opuso el demandante a esa intervención pero la corte municipal la permitió y después de oir a las partes sobre la nulidad solicitada resolvió declarando nulo el embargo verificado. Contra esas resoluciones interpuso el demandante recurso de *certiorari* ante la Corte de Distrito de San Juan la que expidió el auto y después de oir a ambas partes lo dejó sin efecto fundándose en que el Auditor Interino tenía derecho para intervenir y en que los sueldos de los empleados públicos no pueden ser embargados, resolución que motiva esta apelación interpuesta por la parte a quien perjudica.

Cuatro son los motivos alegados por el apelante para que revoquemos esa resolución pero pueden concretarse en los dos siguientes: que la corte inferior no debió permitir la intervención del Auditor Interino de Puerto Rico declarando que tenía interés para intervenir y permitirla después de dictada sentencia: que no debió resolver si el sueldo de los empleados públicos puede ser embargado o nó, confundiendo el derecho a ser oído con el de una resolución favorable.

[1] Alega el apelante en apoyo del primer motivo que el artículo 72 del Código de Enjuiciamiento Civil sólo permite intervenir en los pleitos antes de la celebración del juicio a las personas que tuvieren interés en el asunto en litigio, en el éxito de cualquiera de las partes o algún derecho en contra de ambas y que como el Auditor Interino de Puerto Rico

no se halla en ninguna de esas condiciones y como el pleito está terminado entre las partes por sentencia no debió permitirse esa intervención.

Es cierto que el Auditor de Puerto Rico no tiene interés material en el pleito en el sentido de que no le afecta la cuestión de si el demandado debe o nó la cantidad que se le reclama por lo que no hizo alegación alguna en ese respecto en su solicitud para que se le permitiera intervenir y que el pleito ha terminado por sentencia contra el demandado por lo que claramente la intervención solicitada no puede fundarse en el precepto legal citado, pero como el Auditor fué notificado para que descontase una cuarta parte del sueldo del demandado como empleado público y la remitiera cada mes a la Secretaría de la corte municipal, si él no tiene obligación legal de hacer tales deducciones tenía derecho a ser relevado de la obligación que se le impuso y por esto podía solicitar de la corte que lo librase de ella. Por esto su solicitud aunque llamada de intervención no es la que autoriza el artículo 72 citado sino sencillamente una petición de que se le relevara de la obligación impuesta y por esto no tenía que reunir los requisitos exigidos para aquélla por lo que la corte inferior no cometió error al declarar que el Auditor Interino de Puerto Rico pudo intervenir en ese pleito en la corte municipal en la forma especial en que lo hizo.

[2] La segunda cuestión propuesta por el apelante la funda en que en los autos de *certiorari* sólo pueden revisarse cuestiones de procedimiento o de jurisdicción, por lo que la corte inferior no podía resolver en el *certiorari* que se le presentó si los sueldos de los empleados públicos son embargables o nó. Sin embargo, como el Auditor Interino alega que no está obligado a deducir una parte del sueldo del demandado para entregarlo al secretario de la corte municipal porque no existe ley que autorice expresamente el embargo de los sueldos de los empleados públicos, tal cuestión envuelve la de jurisdicción de la corte para decre-

tar el embargo del sueldo del demandado y para ordenar al Auditor que deduzca una parte de ese sueldo por lo que no cometió error la corte inferior al tratar y decidir esa cuestión en el *certiorari* que motiva esta apelación.

[3] A pesar de que el apelante no alega que sea errónea la decisión de la corte inferior al declarar que los sueldos de los empleados públicos no pueden ser embargados, quizás porque él ha sostenido ante nosotros que esa cuestión no debió ser resuelta en ningún sentido en el recurso de *certiorari,* la parte apelada nos pide que la resolvamos por el interés público que tiene el asunto en vista del crecido número de embargos que hay pendientes de que esa cuestión sea decidida definitivamente.   No nos creemos autorizados para resolver esa cuestión no planteada por el apelante pues esto equivaldría a decidirla sin oirlo.

*La sentencia apelada debe ser confirmada.*