Diego Agüeros & Co., demandante y apelante, *v.* Alfredo Heres, demandado y apelado.

Núm. 6998.—*Sometido:* Mayo 7, 1936. *Resuelto:* Julio 31, 1936.

*J. Pedro Miranda,* abogado de la apelante; *José S. Alegría,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Diego Agüeros & Co., obtuvo en la Corte de Distrito de San Juan una sentencia en contra de Heres por la suma de $1,068.94. Entonces la demandante obtuvo un mandamiento del secretario de la corte dirigido al márshal, que leía como sigue:

"Por cuanto, la demandante radicó en la Secretaría de esta corte una demanda en cobro de dinero contra el demandado Alfredo Heres, por la suma de mil sesenta y ocho dollars noventa y cuatro centavos de principal, más las costas;

"Por cuanto, asimismo ha radicado la demandante una moción solicitando el aseguramiento de la efectividad de la sentencia;

"Por cuanto, esta corte en vista de la moción presentada ha dictado la siguiente orden que copiada literalmente dice así:

" 'Orden.—Vista la moción sobre aseguramiento de la sentencia presentada en este caso, la corte la declara con lugar y decreta el aseguramiento de la sentencia . . . y ordena al secretario expida el correspondiente mandamiento de embargo para ser diligenciado por el Márshal de la Corte de Distrito de Bayamón, Puerto Rico, sobre los bienes del demandado Alfredo Heres, hasta cubrir la suma de mil sesenta y ocho dollars noventa y cuatro centavos ($1,068.94) de principal, más trescientos ($300) dollars para costas, gastos, intereses y honorarios de abogado, . . . . '

"Por cuanto, la demandante ha solicitado una nueva orden de la corte, para diligenciar dicho embargo por el Márshal de la Corte de Distrito de Humacao;

"Por cuanto, esta corte ha dictado la siguiente orden adicional que dice así: (Aquí sigue una orden dirigida al Márshal de la Corte de Distrito de Humacao en vez de al Márshal de la Corte de Distrito de Bayamón.)

"Por tanto, usted el Márshal antes indicado, es requerido por la presente para que cumpla con la transcrita orden de la corte en la forma en que está redactada, devolviendo el presente mandamiento debidamente diligenciado a la secretaría de su origen."

La orden estaba debidamente firmada.

El acreedor por sentencia instruyó al márshal que embargara en la siguiente forma:

"Al Márshal de la Corte de Distrito del Distrito Judicial de Humacao, P. R.

"En cumplimiento de una orden de embargo dictada en este caso, sírvase embargar la siguiente propiedad del demandado Alfredo Heres:

" 'La cuarta parte del sueldo que devengue como empleado de la General Cigar Co. de Humacao, P. R., mes por mes, hasta cubrir la cantidad objeto del embargo, notificando y requiriendo al pagador o cajero de dicha firma para que entregue a usted o a la propia demandante dicha cuarta parte.'

"San Juan, P. R., a 2 de octubre de 1933.

> " (firmado)   J. Pedro Miranda,
> "Abogado de la demandante."

El 24 de octubre de 1933 el márshal fué donde el cajero de la General Cigar Co. donde trabajaba Heres y notificó al primero que pagara la porción indicada del sueldo a dicho márshal. Después de eso, cuando, y a medida que fué venciendo el sueldo de Heres, dicha compañía le pagó al márshal una cuarta parte del referido salario mensual. Incidentalmente podría decirse que bajo las leyes de exenciones, no pueden ser embargadas en ejecución de sentencia las tres cuartas parte del sueldo de una persona. La compañía continuó pagando la requerida cantidad por catorce meses.

El 31 de diciembre de 1936 el demandado Heres radicó una moción para anular el embargo notificado·a su patrono (*employer*). La Corte de Distrito de San Juan, después de una vista, anuló el embargo en los términos siguientes:

"Se declara con lugar la moción del demandado en cuanto a aquella parte del embargo trabado sin orden legal de este tribunal sobre sueldos no devengados por el demandado. Notifíquese."

En esencia todo el caso gira sobre el derecho del acreedor a embargar salarios no devengados. Primeramente dudamos de si la orden puesta en manos del márshal fué suficiente bajo sus términos para incluir salarios futuros, ya que la corte no los especificó, y esta duda es fortalecida por parte, si no por toda la discusión hecha por la apelante.

En los Estados Unidos continentales se sostiene casi universalmente que salarios no devengados no pueden ser

embargados. Alabama decidió lo contrario en el caso de *Jasper Land Co.* v. *Riddlesperger,* 157 So. 231, y parece que el Estado de Nueva York tiene un estatuto que permite la ejecución o el embargo de sueldos futuros. El procedimiento en el Norte sería conocido por *"trustee process"* o *"garnishment"* de sueldos futuros.

La teoría de la corte necesariamente debió ser, y lo es, que no existía cosa alguna que pudo haber sido alcanzada por ejecución; que salarios a devengar no constituyen cosas. De ordinario el derecho del deudor a su sueldo no surge hasta que haya prestado sus servicios.

El primer argumento de la apelante fué que existía una disposición del antiguo Código de Enjuiciamiento Civil que permitía el embargo de sueldos, pero hemos examinado el estatuto y no encontramos que en su texto incluya salarios no devengados, ni tampoco nos convence de lo contrario la cita de Manresa. Éste dice:

" . . . . Y si consiste en créditos, sueldos o pensiones, se hace la *retención* de los mismos en poder de la persona, o funcionario que deba pagarlos, y su consignación en la Caja de Depósitos *cuando se realicen,* para lo cual gestionará el acreedor, sin necesidad de depositario." Manresa, Ley de Enjuiciamiento Civil, tomo 5, pág. 496, segunda edición.

Esta cita es de una parte de los comentarios que se refieren al privilegio de un acreedor de nombrar depositario para bienes embargados, y no es aplicable necesariamente a sueldos no devengados como indica el uso de la palabra "consignación." Esa palabra casi siempre se refiere al pago en corte de algo que en realidad se debe. El embargo de algo adeudado en manos de la persona obligada a pagarlo es una cosa y su depósito en la corte es otra.

La apelante sostiene que no hay nada en la ley que prohiba el embargo de salarios futuros, y estamos de acuerdo. Sin embargo, como hemos insinuado antes, generalmente una ejecución o embargo sólo procede contra una cosa en existencia. En gran parte el campo de un embargo o eje-

cución es limitado o extendido por disposiciones directas de la ley.

■ Otro argumento de la apelante es que la compañía en realidad, mes tras mes, por espacio de catorce meses, pagó el 25 por ciento del sueldo sin protesta y que este dinero así voluntariamente pagado no podía ser recobrado del márshal. Este principio se asemeja en algo al de impedimento (*estoppel*) y la actuación de un tercero no ataría las manos de un deudor que nunca prestó su consentimiento. El derecho del deudor de ningún modo había prescrito y no encontramos que hubiera *"laches"*.

Estas consideraciones o parte de ellas acentúan la duda que teníamos, ya que la atención de la corte inferior nunca fué llamada a la tentativa de recobrar sueldos futuros, por lo menos no lo fué hasta que se presentó la moción para anular.

*La orden debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SEÑOR TRAVIESO

Disiento de la opinión de mis colegas en este caso.

Es cierto que no existe en nuestras leyes precepto alguno que autorice al acreedor por sentencia a embargar salarios no devengados aún por su deudor. Y convengo en que una ejecución o embargo sólo procede contra una cosa en existencia.

El deudor de una sentencia, que espera devengar salarios en el futuro, y su principal, que es quien ha de pagarlos, podrían negarse a acatar una orden de embargo como la expedida en el caso de autos. Y si así lo hubiesen hecho, el acreedor hubiera podido embargar al final de cada mes la cuarta parte del salario sujeta a ejecución. No procedieron así en este caso ni el demandado ni su principal. Acataron la orden; y al final de cada mes, durante catorce meses consecutivos, la General Cigar Co., principal del deudor de la

sentencia, depositó en manos del márshal *in custodia legis,* una cuarta parte del salario ya devengado *y en existencia.*

Soy de opinión que las entregas mensuales hechas al márshal, en obediencia a una orden que no había sido impugnada, cuando ya los salarios se habían devengado y convertido en una realidad tangible, en una propiedad embargable, completaron y perfeccionaron el embargo sobre el montante en poder del márshal; y que no debe permitirse al demandado que, después de haberse sometido voluntariamente al embargo, pida su anulación, para poder incautarse de los fondos acumulados durante catorce meses y burlar así a su acreedor.

Opino que la orden recurrida debe ser revocada y que en su lugar debe dictarse otra sosteniendo la validez del embargo en cuanto a la cantidad en poder del márshal y cancelando la orden de embargo en cuanto a los salarios futuros.