ANGEL RODRÍGUEZ VELÁZQUEZ, demandante y apelado, *v.* FRANCISCO FONTES CÁTALA, demandado y apelado; THE AMERICAN RAILROAD COMPANY OF PORTO RICO, interventora y apelante.

Núm. 7198.—*Sometido:* Marzo 3, 1937. *Resuelto:* Junio 4, 1937.

*M. Acosta Velarde,* abogado de la apelante; *Vicente Géigel Polanco,* abogado del demandante apelado; *Angel M. Villamil,* abogado del demandado apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Angel Rodríguez Velázquez inició un pleito en la Corte de Distrito de San Juan contra Francisco Fontes Cátala en reclamación de $1,297 por daños y perjuicios y solicitó que se asegurara la efectividad de la sentencia que pudiera dictarse mediante embargo de bienes del demandado previa la prestación por su parte de la fianza correspondiente.

Accedió la corte. Expidió el secretario mandamiento al márshal y éste siguiendo instrucciones escritas del abogado del demandante embargó "todo sueldo o compensación que el demandado tenga devengado o devangare en lo sucesivo como empleado de The American Railroad Company of Porto

Rico." La notificación hecha al Gerente de la compañía tiene fecha junio 9, 1935, y lee como sigue:

"En cumplimiento de una orden de embargo expedida por esta honorable Corte en el caso de epígrafe, para asegurar la efectividad de la sentencia que pueda recaer en su día a favor del demandante Angel Rodríguez Velázquez y en contra del demandado Francisco Fontes Cátala, a quien reclama la suma de mil doscientos noventa y siete ($1,297) dólares por concepto de daños y perjuicios, he procedido a embargar con esta fecha todo sueldo o compensación que tenga devengado o devengare en lo sucesivo el demandado Francisco Fontes Cátala como empleado de The American Railroad Company of Porto Rico.

"Y por la presente se apercibe a usted que deberá retener en su poder todo sueldo o compensación que tenga devengado o devengare en lo sucesivo el referido Francisco Fontes Cátala como empleado de The American Railroad Co. of Porto Rico, hasta cubrir la referida suma de mil doscientos noventa y siete ($1,297) dólares que se reclama en esta acción, no debiendo usted entregárselo a persona alguna que no sea el márshal que suscribe hasta nueva orden del tribunal."

En 12 de agosto siguiente los abogados de ambas partes presentaron a la corte la siguiente estipulación:

"1. Que entre los bienes embargados en este caso, se encuentran las mensualidades que el demandado Francisco Fontes Cátala recibe como empleado de la American Railroad Company y ascendentes a la cantidad de $100 mensuales.

"2. Que los abogados suscribientes, con el consentimiento de sus respectivas partes han llegado al acuerdo de que solamente se embarguen y queden embargados, mientras continue la sustanciación de este pleito, la cuarta parte de dicho sueldo, debiendo el márshal de esta corte, retener la misma y devolver al demandado Francisco Fontes Cátala el balance que se encuentre en su poder de lo ya embargado."

Y el mismo día la corte resolvió:

"La corte aprueba la estipulación de las partes y por la presente ordena el levantamiento del embargo del sueldo del demandado en cuanto a tres cuartas (¾) partes del mismo, quedando subsistente únicamente en cuanto a una cuarta (¼) parte, y se ordena ade-

más, que se proceda a la devolución de la diferencia que haya sido retenida en virtud de la orden de embargo.''

Así las cosas, en agosto 29, 1935, The American Railroad Company of Porto Rico presentó una moción titulada ''de intervención''—''en el incidente de embargo en aseguramiento de sentencia.''

En ella alegó que el embargo trabado interrumpía el buen funcionamiento de su oficina y afectaba el servicio que prestaba como compañía de servicio público que era, que no había ley que autorizara el embargo de sueldos de empleados en aseguramiento de sentencia, ni que impusiera a los patronos la obligación de retener los sueldos de sus empleados, existiendo por el contrario la Ley núm. 17 de 1931 (Leyes de 1931, pág. 195) que ordena que ningún patrono podrá descontar por ningún motivo parte del salario que devenguen sus obreros para ser pagado a otra persona. La súplica de su moción es así:

''SUPLICA se le releve de la obligación de deducir la cuarta parte de los haberes que devengue el demandado Francisco Fontes Cátala, en su carácter de empleado de The American Railroad Company of Porto Rico, declarando nulo el embargo trabado a tales efectos.''

Se opuso el demandante y la corte por resolución fundada de octubre 31, 1935, declaró sin lugar la moción de intervención.

No conforme la compañía, apeló para ante este tribunal. Señala en su alegato tres errores cometidos a su juicio por la corte sentenciadora al decidir que no podía intervenir en el litigio ni en su incidente de embargo, por falta de interés; al sostener que a virtud de lo estipulado por las partes en el pleito, no podía anularse el embargo, ni relevarse a la interventora de las obligaciones de depositaria judicial que se le habían impuesto, y al declarar sin lugar su moción.

A nuestro juicio es tan claro que la American Railroad Company no tiene interés en el litigio y por tanto que no puede intervenir en el mismo de acuerdo con la ley y la jurisprudencia sobre el particular, que omitiremos toda dis-

cusión sobre ese punto. La misma Compañía así lo reconoce pero sostiene que si bien no tiene interés en el litigio entre Rodríguez y Fontes, lo tiene en el embargo. Sus propias palabras son:

"El interés de la interventora apelante surgió sólo y exclusivamente de las actuaciones de las partes y de la propia corte al imponerle, sin su consentimiento y sin que exista precepto legal alguno para ello, la obligación de retener la cuarta parte del sueldo que devengue su empleado, hasta nueva orden, o sea, la de constituir a la interventora apelante en depositaria judicial de bienes embargados."

Y cita en apoyo de su posición lo resuelto por esta corte en el caso de *Torres* v. *Corte Municipal*, 35 D.P.R. 378. En efecto en dicho caso esta corte por medio de su Juez Asociado Sr. Aldrey, se expresó como sigue:

"En pleito seguido en una de las cortes municipales de esta ciudad para cobro de dinero fué decretado el aseguramiento de la sentencia y el embargo de bienes del demandado, que es un empleado del Gobierno Insular, disponiéndose que el Auditor de Puerto Rico dedujese cada mes la cuarta parte del sueldo del demandado y la remitiese a la Secretaría de la corte hasta que se completase la cantidad reclamada, lo que le fué notificado.

"No habiendo comparecido el demandado a contestar la demanda el secretario registró sentencia por su rebeldía y pocos días después el Auditor Interino de Puerto Rico presentó escrito a la corte solicitando le permitiera intervenir especialmente y presentar moción para que se anulase dicho embargo, exponiendo que la orden de embargo que se le notificó tiende a interrumpir y menoscabar el buen funcionamiento de su oficina, que lo es del Pueblo de Puerto Rico: que no existe ley que de modo expreso autorice el embargo de los sueldos de los funcionarios y empleados del Gobierno Insular o la deducción de los haberes que devenguen mientras se encuentran en poder del Tesorero de Puerto Rico y que dicho embargo es contrario al interés público.

"Se opuso el demandante a esa intervención pero la corte municipal la permitió y después de oír a las partes sobre la nulidad solicitada resolvió declarando nulo el embargo verificado. Contra esas resoluciones interpuso el demandante recurso de *certiorari* ante la Corte de Distrito de San Juan la que expidió el auto y después de

oír a ambas partes lo dejó sin efecto fundándose en que el Auditor Interino tenía derecho para intervenir y en que los sueldos de los empleados públicos no pueden ser embargados, resolución que motiva esta apelación interpuesta por la parte a quien perjudica.

"Cuatro son los motivos alegados por el apelante para que revoquemos esa resolución pero pueden concretarse en los dos siguientes: que la corte inferior no debió permitir la intervención del Auditor Interino de Puerto Rico declarando que tenía interés para intervenir y permitirla después de dictada sentencia; que no debió resolver si el sueldo de los empleados públicos puede ser embargado o no, confundiendo el derecho a ser oído con el de una resolución favorable.

"Alega el apelante en apoyo del primer motivo que el artículo 72 del Código de Enjuiciamiento Civil sólo permite intervenir en los pleitos antes de la celebración del juicio a las personas que tuvieren interés en el asunto en litigio, en el éxito de cualquiera de las partes o algún derecho en contra de ambas y que como el Auditor Interino de Puerto Rico no se halla en ninguna de esas condiciones y como el pleito está terminado entre las partes por sentencia no debió permitirse esa intervención.

"Es cierto que el Auditor de Puerto Rico no tiene interés material en el pleito en el sentido de que no le afecta la cuestión de si el demandado debe o no la cantidad que se le reclama por lo que no hizo alegación alguna en ese respecto en su solicitud para que se le permitiera intervenir y que el pleito ha terminado por sentencia contra el demandado por lo que claramente la intervención solicitada no puede fundarse en el precepto legal citado, pero como el Auditor fué notificado para que descontase una cuarta parte del sueldo del demandado como empleado público y la remitiera cada mes a la Secretaría de la corte municipal, si él no tiene obligación legal de hacer tales deducciones tenía derecho a ser relevado de la obligación que se le impuso y por esto podía solicitar de la corte que lo librase de ella. Por esto su solicitud aunque llamada de intervención no es la que autoriza el artículo 72 citado sino sencillamente una petición de que se le relevara de la obligación impuesta y por esto no tenía que reunir los requisitos exigidos para aquélla por lo que la corte inferior no cometió error al declarar que el Auditor Interino de Puerto Rico pudo intervenir en ese pleito en la corte municipal en la forma especial en que lo hizo.

"La segunda cuestión propuesta por el apelante la funda en que en los autos de *certiorari* sólo pueden revisarse cuestiones de procedimiento o de jurisdicción, por lo que la corte inferior no podía resolver en el *certiorari* que se le presentó si los sueldos de los emplea-

dos públicos son embargables o no. Sin embargo, como él Auditor Interino alega que no está obligado a deducir una parte del sueldo del demandado para entregarlo al secretario de la corte municipal porque no existe ley que autorice expresamente el embargo de los sueldos de los empleados públicos, tal cuestión envuelve la de jurisdicción de la corte para decretar el embargo del sueldo del demandado y para ordenar al Auditor que deduzca una parte de ese sueldo por lo que no cometió error la corte inferior al tratar y decidir esa cuestión en el *certiorari* que motiva esta apelación."

Con la sola diferencia de que en el caso de Torres, supra, se trataba de un empleado público y aquí se trata de un empleado de una corporación, el problema jurídico a resolver en ambos, es igual.

Haciendo énfasis en la diferencia para no aplicar la jurisprudencia, dice en su resolución la corte de distrito:

"Tampoco cabe invocar la teoría del caso de *Torres* v. *Corte Municipal*, 35 D.P.R. 378, en que el Auditor Insular de Puerto Rico solicitó ser relevado de la obligación que le fué impuesta, en virtud de órden de embargo librada al efecto, de deducir una cuarta parte del sueldo de un empleado público, por las razones, entre otras, de ser dicha orden contraria al interés público y perjudicar al buen funcionamiento del Gobierno de Puerto Rico, y de no existir ley que autorice el embargo de sueldos de funcionarios y empleados del gobierno mientras se encuentran los haberes en poder del Tesorero de Puerto Rico. Una corporación privada, aunque explote una empresa de servicio público, no se encuentra en la misma posición de privilegio que es inherente a los organismos y dependencias oficiales del gobierno y las prerrogativas propias de estos organismos no las disfrutan en modo álguno las entidades privadas. El trabajo puramente oficinesco que ocasiona a la peticionaria el cumplimiento de la orden de embargo es simple consecuencia de su condición de patrono del empleado demandado, y no constituye motivo bastante para que el tribunal proceda en su virtud a anular un embargo válidamente establecido. Además, las relaciones del empleado público con el gobierno se rigen por estatuto distinto del qué regula las relaciones del empleado particular con su patrono."

Sin embargo, dicha corte no fué congruente con su criterio. No se limitó a desestimar la petición, si que entró a considerarla en sus méritos y luego de concluir, por las rá-

zones que expuso, que no los tenía, la declaró sin lugar. Y así de hecho siguió el procedimiento reconocido como válido por el caso de Torres, supra.

Se trata de una intervención especial, dentro de un incidente del pleito, a los efectos de fijar el deber de una persona extraña a quien se le impuso determinada obligación en relación con el mismo.

Sólo se está obligado a cumplir órdenes legales. Supongamos que la compañía considerando ilegal la orden de embargo se hubiera negado a cumplirla y se le hubiere citado para responder del cargo de desacato ¿no hubiera tenido el derecho de discutir dentro del procedimiento la legalidad de la orden? Claro es que sí. Pues entonces ¿por qué no poder hacerlo sin necesidad de recurrir a adoptar una posición tan arriesgada?

A nuestro juicio en cuanto al procedimiento a seguir no hay diferencia entre el repetido caso de Torres, supra, y éste que resolvemos. En tal virtud la cuestión planteada debe decidirse por sus méritos. Yendo a ellos, la corte sentenciadora se expresó así:

"El sueldo que devenga una persona empleada con un patrono o empresa particular es una propiedad de su exclusiva pertenencia, susceptible de embargo, como todos los demás bienes muebles o inmuebles que posea dicho empleado, con la excepción de aquellos bienes que la ley especialmente declara exentos de embargo o ejecución. El sueldo devengado en empresas privadas es, por consiguiente, embargable y susceptible de ejecución sin más limitaciones que aquéllas que fija el inciso 7 del artículo 249 del Código de Enjuiciamiento Civil de Puerto Rico, tal como quedó enmendado por la Ley núm. 32 de 1919, al determinar que estarán exentas de ejecución las tres cuartas partes de lo que el deudor declarado tal en la sentencia, gane por servicios personales prestados en cualquier tiempo dentro de los 30 días anteriores al cumplimiento de la orden de ejecución o la práctica del embargo, cuando resulta por declaración escrita y jurada del deudor que dichos sueldos son necesarios para el sostenimiento de su familia mantenida en todo o en parte con su trabajo. Es evidente que si no concurren todos estos requisitos, no cabe alegarse la exención de las tres cuartas partes del sueldo.

"En resumen, llegamos a la conclusión de que el embargo ha sido válidamente establecido, y que, mediando una estipulación de las partes litigantes sobre la subsistencia de dicho embargo, el tribunal, cumpliendo con su deber, de asegurar la efectividad de la sentencia y haciendo uso de los poderes discrecionales que le confiere la ley, actuó derechamente al aprobar dicha estipulación, decretando en su virtud el embargo de la cuarta parte del sueldo que devenga el demandado, como medida equitativa de aseguramiento habida cuenta de la naturaleza especial del salario. En lo que concierne a las funciones de depositaria judicial de los sueldos embargados, convenimos con la peticionaria en que ella no viene obligada por ley a retener bajo su custodia y contra su voluntad los bienes embargados. Pero a nuestro juicio, el remedio no es solicitar que se decrete la nulidad del embargo, sino depositar en poder del márshal de este tribunal las cantidades que se descuenten del sueldo del demandado."

Con posterioridad a la presentación de los alegatos, aunque con anterioridad a la vista del recurso, esta Corte decidió el caso de *Diego Agüeros & Co.* v. *Heres,* 50 D.P.R. 533, en el que la cuestión aquí envuelta quedó terminantemente decidida en contra del criterio sustentado por la Corte sentenciadora en tanto en cuanto dicho criterio se extiende a sueldos no devengados aún a la fecha del embargo. Dijo esta corte por medio de su Juez Asociado Sr. Wolf:

"En los Estados Unidos continentales se sostiene casi universalmente que salarios no devengados no pueden ser embargados. Alabama decidió lo contrario en el caso de *Jasper Land Co.* v. *Riddlesperger,* 157 So. 231, y parece que el Estado de Nueva York tiene un estatuto que permite la ejecución o el embargo de sueldos futuros. El procedimiento en el Norte sería conocido por 'trustee process' o 'garnishment' de sueldos futuros.

"La teoría de la corte necesariamente debió ser, y lo es, que no existía cosa alguna que pudo haber sido alcanzada por ejecución; que salarios a devengar no constituyen cosas. De ordinario el derecho del deudor a su sueldo no surge hasta que haya prestado sus servicios.

"La apelante sostiene que no hay nada en la ley que prohiba el embargo de salarios futuros, y estamos de acuerdo. Sin embargo, como hemos insinuado antes, generalmente una ejecución o embargo

sólo procede contra una cosa en existencia. En gran parte el campo de un embargo o ejecución es limitado o extendido por disposiciones directas de la ley.''

Y aun en la opinión disidente del Juez Asociado Sr. Travieso, se expresa:

''Es cierto que no existe en nuestras leyes precepto alguno que autorice al acreedor por sentencia a embargar salarios no devengados aún por su deudor. Y convengo en que una ejecución o embargo sólo procede contra una cosa en existencia.

''El deudor de una sentencia, que espera devengar salarios en el futuro, y su principal, que es quien ha de pagarlos, podrían negarse a acatar una orden de embargo como la expedida en el caso de autos.''

Resta sólo considerar la fuerza que tenga la estipulación de ambas partes aprobada por la corte. Por mucha que ella sea no puede llegar a imponer una obligación que no emana de la ley a una tercera persona en contra de su voluntad. En su consecuencia, habiendo asumido la compañía una actitud contraria a la estipulación, no cabe a virtud de la estipulación obligarla a cumplir contra su voluntad una orden que no emana de la ley.

*Debe declararse con lugar el recurso, revocándose la resolución apelada y dictándose otra declarando que la American Railroad Company of Porto Rico no viene obligada a cumplir la orden de embargo notificádale por el márshal de la corte de distrito en junio 9, 1935, en tanto en cuanto a sueldos no devengados a la fecha de la misma se refiere.*

El Juez Asociado Señor Córdova Dávila no intervino.