JOSEFA ARAÚJO VDA. REGLERO, demandante y recurrida, *v.* LA SUCESIÓN DE DON RICARDO REGLERO RIVERA, ETC., demandados y recurrentes.

*Número:* 48      *Resuelto:* 29 de junio de 1962

*Eduardo Urrutia Martorell*, abogado de los peticionarios. La recurrida no compareció en este recurso.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Santana Becerra y Rigau.

PER CURIAM: En demanda interpuesta en el Tribunal de Distrito, doña Josefa Araújo viuda de Reglero, reclamó de la Sucesión de don Ricardo Reglero Rivero, compuesta por sus hijos don Ricardo, doña Olga y doña Carmen Reglero y doña Carmen Rita Cuevas viuda de Reglero, el pago de veinticinco mensualidades por las sumas de $21.56 cada una, comenzando en abril de 1956 hasta mayo de 1958, de conformidad con la obligación asumida en una escritura pública por el causante de dichos demandados. Estos fueron debidamente emplazados y no comparecieron a formular alegaciones anotándose su rebeldía.

A solicitud de la demandante, acompañada de una declaración jurada de la cantidad adeudada, el secretario del Tribunal dictó sentencia en 24 de septiembre de 1958 en contra de los demandados por la suma reclamada. En virtud de una moción sobre aseguramiento de la sentencia, el Tribunal dictó, en 2 de septiembre de 1959, la siguiente orden:

"Vista la anterior moción se declara la misma con lugar y en su consecuencia se ordena a la Secretaria para que expida un mandamiento dirigido al Tesorero de la Universidad Interamericana de San Germán para que proceda a retener hasta el importe de la sentencia los sueldos devengados o que se devenguen por la demandada Olga Reglero de Urrutia y los remita a la Secretaría de este Tribunal en donde serán consignados sujetos a ulterior acción."

Expedido y cumplimentado el correspondiente mandamiento, compareció la demandada doña Olga Reglero solicitando mediante moción, que hasta nueva orden solamente se descontase una cuarta parte de su sueldo mensual hasta

tanto tuviera oportunidad de atacar la validez del embargo en su totalidad. El Tribunal así lo decretó en 11 de septiembre de 1959.

En octubre 6 del mismo año 1959, dicha demandada radicó una moción sobre nulidad de sentencia y levantamiento de embargo. Se opuso la demandante alegando que habían transcurrido más de seis (6) meses desde la fecha en que se dictó la sentencia y solicitó que se desestimara la moción de la demandada.

Por resolución de 29 de febrero de 1960 el Tribunal de Distrito resolvió: (1) que la sentencia dictada por el secretario del tribunal no era nula de su propia faz y que habiéndose radicado la moción sobre nulidad de sentencia un año diez días después de su registro, procedía desestimar dicha moción a tenor con lo dispuesto en la Regla 49.2 de Procedimiento Civil; y (2) que la orden de embargo debía modificarse en el sentido de que se retuviera solamente la cuarta parte del sueldo de la demandada y así modificada, que quedara en toda su fuerza y vigor.

La demandada apeló de dicha resolución para ante el Tribunal Superior. La demandante apelada solicitó la desestimación de la apelación alegando que no era apelable la resolución del Tribunal de Distrito. Se opuso la apelante y en 13 de junio de 1960, el Tribunal Superior dictó sentencia desestimando la apelación por ser frívola, ya que el Tribunal de Distrito, no tenía facultad para dejar sin efecto la sentencia después de transcurridos seis meses desde el registro de dicha sentencia.

Expedimos un auto de *certiorari* para revisar dicha sentencia.

Cometió error el Tribunal Superior al desestimar la apelación. En el recurso se plantearon dos cuestiones, a saber, (1) la nulidad de la sentencia dictada por el secretario del Tribunal de Distrito, y (2) la nulidad de la orden de embargo.

Convenimos en que el Tribunal de Distrito carecía de autoridad para dejar sin efecto la sentencia dictada por el secretario por haberse radicado la moción a ese efecto después de transcurridos seis meses desde que se registró dicha sentencia. En la demanda se reclamó una suma líquida, o liquidable mediante cómputo, o sean: 25 mensualidades por las sumas de $21.56 cada una. Los demandados no eran menores de edad, ni personas incapacitadas. A la solicitud de sentencia se acompañó una declaración jurada de la cantidad adeudada. Por lo tanto, el secretario podía dictar la sentencia en rebeldía en contra de los demandados. Regla 45.2 de Procedimiento Civil. No surge de los autos que dicha sentencia sea nula. La moción para que se relevara a la demandada de los efectos de dicha sentencia debió presentarse dentro de los seis meses de su registro, y no se hizo. Regla 49.2. No incurrió en error el Tribunal de Distrito al así resolverlo. Procedía por lo tanto, que el Tribunal Superior confirmara su resolución en ese aspecto. Sin embargo dicho Tribunal se limitó a desestimar el recurso por frívolo y no pasó sobre la cuestión de la nulidad del embargo. En cuanto a esta cuestión no entra en juego el impedimento de los seis meses de la Regla 49.2. Esto es así porque la orden de embargo se dictó en septiembre de 1952 y su nulidad fue solicitada en el mismo mes de dicho año. Por otro lado el ataque contra la orden de embargo no era frívolo. Dicha orden disponía la retención de sueldos futuros, no devengados. Por lo menos, la contención de la demandada encuentra apoyo en nuestra jurisprudencia. *Agueros & Co.* v. *Heres*, 50 D.P.R. 533; *Rodríguez* v. *Fontes y Am. R.R. Co., Int.*, 51 D.P.R. 670.

*En su consecuencia se dejará sin efecto la sentencia del Tribunal Superior y se devolverá el caso para ulteriores procedimientos.*