VÍCTOR TORRES SANTA, demandante y recurrido, *v.* HERIBERTO BENÍTEZ ROLDÁN, demandado y recurrido; ESTADO LIBRE ASOCIADO DE PUERTO RICO, interventor y peticionario.

*Número:* O-83-620      *Resuelto:* 13 de febrero de 1984

*Miguel Pagán, Procurador General Interino,* y *Justo Gorbea Varona, Procurador General Auxiliar,* abogados de El Pueblo; *Ferdinand Vargas Velázquez,* abogado del recurrido Víctor Torres Santa.

PER CURIAM: En pleito sobre cobro de dinero y ejecución de hipoteca instado ante el Tribunal Superior, Sala de Caguas, en que el demandado es miembro de la Policía de Puerto Rico, se acordó una estipulación entre las partes en virtud de la cual se dictó la siguiente orden el 15 de julio de 1983:

> Vista la moción solicitando órdenes presentada en este caso, este Tribunal la declara CON LUGAR y en su lugar ordena al patrono de Heriberto Benítez Roldán; Departamento de Policía del Estado Libre Asociado de Puerto Rico y/o sus afiliadas, sucesoras entidades matrices, etc. a deducir del salario de tal deudor Heriberto Benítez Roldán, Policía del E.L.A., la suma de $90.00 en la segunda quincena de cada mes comenzando inclusive con la quincena del 31 de julio de 1983, pagaderos al Sr. Víctor Torres Santa p/c Lcdo. Ferdinand Vargas Velázquez, Calle José Celso Barbosa #1, Caguas, Puerto Rico 00625 y cada segunda quincena subsiguiente hasta inclusive la segunda quincena de septiembre de 1984.

> La Secretaría de este Tribunal deberá expedir los mandamientos necesarios para que el alguacil de este Tribunal diligencie la presente ORDEN.

El Estado Libre Asociado, que no era parte en el pleito ni consintió a la referida estipulación, solicitó intervención para oponerse. Le fue denegada mediante resolución de 19 de agosto de 1983, que dice:

No ha lugar. El Embargo [*sic*] fue estipulado por las partes.

Inconforme el Estado, instó ante nos el recurso de epígrafe. El 13 de octubre de 1983 emitimos la siguiente resolución:

Tenga la parte demandante recurrida un plazo a vencer el 31 de octubre de 1983 para mostrar causa por la cual no deba expedirse el auto de *certiorari* solicitado y dejar sin efecto la resolución recurrida, que ordena deducir, del salario que como miembro de la Policía de Puerto Rico devenga el demandado Heriberto Benítez Roldán, la suma de $90.00 quincenales a partir del 31 de julio de 1983 y hasta la segunda quincena de septiembre de 1984. Mientras tanto, se ordena la paralización de los procedimientos en instancia.

El recurrido compareció oportunamente, pero no nos persuade.

■ Llámese embargo, secuestro, o como sea, lo cierto es que la orden dictada tiene el efecto de obligar al Estado a descontar de cada paga quincenal del demandado una cantidad de dinero y pagarla a un tercero, es decir, el demandante. Ello tiene el efecto de convertir al Estado en un agente cobrador del demandante, contra su voluntad. Fácil es imaginar el efecto adverso que esta práctica tendría sobre el trámite del Departamento de Hacienda para pagar a los empleados del Estado, de generalizarse la misma. *Cf. Rodríguez* v. *Fontes y Am. R. R. Co., Int.*, 51 D.P.R. 670, 678 (1937).

■ De otra parte, los dineros en poder del Estado para pagar salarios no devengados constituyen fondos públicos, y no son embargables. *Stump Corp.* v. *Tribunal Superior*, 99 D.P.R. 179, 184 (1970). Señalamos en *E.L.A.* v. *Tribunal Superior*, 98 D.P.R. 524 (1970), que tal cosa no pro-

cede, en ausencia de legislación que expresamente lo autorice, y dijimos:

La razón es que el embargo o secuestro de fondos públicos en estos casos constituye una "desviación" de fondos públicos y hasta que se paguen a la persona con derecho a recibirlos no pueden ser considerados en derecho como parte de los bienes de tal persona. Pág. 533.

Por lo expuesto *se expedirá el auto y se revocará la orden de 15 de julio de 1983 y la resolución de 19 de agosto de 1983 dictadas por el tribunal de instancia, antes referidas.*